Manumanu, k., and Mahuka, w., *v.* W. H. Rickard.

## SUPREME COURT—IN BANCO.

### JULY TERM—1879.

*Harris, C. J., Judd and McCully, J.J.*

MANUMANU, K., AND MAHUKA, W., *vs.* W. H. RICKARD.

ON EXCEPTIONS FROM CIRCUIT COURT OF THIRD JUDICIAL CIRCUIT.

AGAINST A GOOD TITLE by inheritance to land which, prior to defendant's occupation five years before the action was commenced, was unfenced, uncultivated and not in the actual possession of any one, the defendant introduced evidence of occasional visits to the land by his grantor without residence or occupation, and of declarations that the land was hers not brought to the knowledge of plaintiffs;

HELD, a title by prescription not shown.

It being uncertain on the proofs whether the house and cane of defendant were on this land, the trial Court left the question of the title to the improvements open between the parties;

HELD, that the judgment was not erroneous, being final as to the land.

Opinion of the Court by JUDD, J.

This case comes before us on a bill of exceptions from the Circuit Court of the Third Judicial Circuit, alleging that the Justices of that Court by whom the case was heard, the jury being waived, erred in holding that the facts shown did not make out the defense of a title by prescription.

The action was ejectment for a tract of 9 4-10 acres of land in Hamakua, Hawaii, which, prior to defendant's occupation five years ago, was unfenced and uncultivated, and not in the actual occupation of defendant's grantor, or of any person.

The plaintiff proved title to the land by inheritance from the patentee Kekoa, and to this finding no exception is taken.

The law is clear that "the nature of that adverse possession of land which is required to constitute a bar to the legal title, must be an *actual*, visible, notorious, distinct and hostile possession." 2 Washburn on Real Property, p. 489. Although the character of that possession may be varied according to the nature of the land in question, still it must be of such notoriety as that the owner may be presumed to have notice of it.

We find, upon a review of the testimony, that the occasional visits to the land by the defendant's grantor, without residence or occupation, and her declarations, not brought to the knowledge of plaintiffs, that the land was hers, were not sufficient; and that the Circuit Court did not err in holding that the defendant had not shown title by prescription.

Judgment was given by the Court for the plaintiff for the land with damages assessed at $100 for the entire period of defendant's occupation and costs. The Court added that the question of improvements was to remain open unless settled by the parties. It appears from the evidence sent up that there was some testimony tending to show that defendant's house was partially over the boundary of the land in question, and that there was cane planted by defendant which might turn out to be on this land. The testimony was not explicit, it being a matter of uncertainty as to where the boundaries of this land were with reference to the house and the cane, as the defendant had other land adjoining. It is alleged that this judgment is wrong, because it does not purport to be final.

The judgment of the Court was final as to the possession of the land and the damages. The remark as to improvements was unnecessary, but it was perhaps made in order to afford the defendant an opportunity to show more accurately what improvements he had put on the land which he could legally remove. He not having taken advantage of the opportunity afforded him to make a further showing while the Court was still in session, cannot now claim that the judgment is invalid on the ground that it indicated that there were other questions

which might thereafter arise which the Court did not settle. If further litigation between the parties on the question of improvements is not barred by this judgment, it is certain that all questions as to the right to the land are settled by this judgment. It is therefore final.

Exceptions overruled.

Castle & Hatch for plaintiffs.

Richard F. Bickerton for defendant.

Honolulu, August 2, 1879.