### AKOWAI *vs.* LUPONG.

---

TRESPASS—ON APPEAL FROM THE POLICE COURT.

THE STATUTE OF LIMITATIONS of real actions does not run against the holder of a grant to a tenant (kuleana) in favor of the owner of the land from which the kuleana is taken (konohiki), unless the possession of the konohiki of the kuleana is actual. The general possession by the konohiki of the ili or ahupuaa is not hostile to the owner of the kuleana.

Damages in trespass *quare clausum fregit* allowed, being value of crops raised on the land less cost of cultivation.

BY THE COURT—CORAM MR. JUSTICE JUDD.

Intermediary Court of Oahu.—Trial day, August, 1879. Affirmed by Supreme Court. See page 262.

This is an action of trespass *quare clausum fregit*, for enter-

ing plaintiff's land at Waipio, Ewa, Oahu, and cutting and taking away a crop of rice growing thereon to the damage of the plaintiff $200.

The land in question is described in Royal Patent No. 6,698 to Kuhiwahiwa, a little over an acre in extent, being situated in the ili of Homaikaia, which is an ili of the ahupuaa of Waipio. The land of Waipio, as well as the ili of Homaikaia, was the property of the late Hon. John Ii, which he held from ancient times to his death, which occurred May 2, 1870. Mr. Ii devised the ili of Homaikaia to J. Komoikeehuehu. This territory is swamp land. It is proved by the testimony that the kuleana in question had been planted with taro in ancient times under the direction of Ii or his family, who are natives of this place, but no one remembers any cultivation in this locality since 1850, until 1873, when Komoikeehuehu commenced the cultivation of rice in Homaikaia. The swamp had grown up with bulrushes. One old witness named Huluhulu, who is a kamaaina, and who has lived there since the time of Kamehameha I, says that he never knew Kuhiwahiwa or of his planting this kuleana. The date of the award of this kuleana is April 30, 1851, and Huluhulu says that from the time of the smallpox which reduced the population very greatly in that district, all cultivation there ceased, and it is quite likely that Kuhiwahiwa never actually cultivated this kuleana. He probably died at or before the smallpox (1853). The royal patent, upon confirmation of this award, was taken out July 28, 1875, by parties who claim to be the heirs of Kuhiwahiwa, and by them leased to the plaintiff by an indenture dated March 15, 1878.

The defendant is lessee of the ili of Homaikaia under Komoikeehuehu, now deceased, and his widow as sole heir surviving, Kahikimua by name. The defendant has had in cultivation for the past five years the whole of the ili of Homaikaia including the kuleana in question. In the early months of this year surveys of this and of the kuleana were

made. Defendant had plowed and prepared this kuleana for planting in it a new crop of rice, when plaintiff asserted his claim to the kuleana and entered it by force and planted two patches, which constituted about two-thirds of the kuleana. The defendant planted the remaining patch. Both parties claimed to have watered and tended the crop on this kuleana until its maturity. It was all harvested by the defendant in June of this year, and he has the paddy resulting from it in his possession. The plaintiff's witnesses estimate that the crop from the two patches which he planted would yield about 5,000 pounds. It is worth three cents per pound. The defendant, however, swears that all three patches produced by actual weight 3,200 pounds.

The defendant by his counsel, Mr. Davidson, urges that the Statute of Limitations has run against the ownership of this kuleana, there being no evidence of any actual occupation or cultivation by the plaintiff's grantors from 1850 to 1873, when defendant's grantors took actual possession of this kuleana and commenced cultivating it in rice.

The plaintiff by his counsel, Mr. Brown, urges that the possession of the owner of the land in which the kuleana is situated is not adverse to the holder of the kuleana, and there must be visible and actual occupation by the konohiki (or owner of the circumscribing land) of the particular kuleana in order to have the Statute of Limitations run against the owner of the kuleana. To put it in another way, the plaintiff's claim is that the abandonment of the kuleana for twenty years, it not having been taken into the actual occupation of the konohiki for this period, does not extinguish the right of possession of the owner of the kuleana or his heirs in the same. This question is one of wide importance, and affects the owners of estates throughout the Kingdom. The Court is aware that there are many kuleanas in the same position as this, totally deserted for over twenty years, hitherto deemed valueless by their owners, and only recently of any market value.

Akowai *v.* Lupong.

I incline to the opinion that the position of the plaintiff is sound. In order to bar the legal title to the kuleana, the possession of the konohiki of the particular kuleana in question must be *actual, visible,* notorious, distinct and hostile. [See Manumanu and Mahuka *vs.* W. H. Rickard, decided at the July Term, 1879, of the Supreme Court.]

The title for a kuleana under an award of the Land Commission or a royal patent is distinct, complete, and the general possession by the konohiki of the ili or ahupuaa in which it may be situated is not hostile to the owner of the kuleana.

I find, therefore, for the plaintiff, with damages for 3,200 pounds of rice at three cents per pound, $96, less cost of cultivation, $35—$61 and costs.