## J. K. HANUNA vs. A. UNNA.

EJECTMENT. BEFORE JUDD, C.J..

APRIL TERM, 1884.

A tenant by curtesy has the right to lease the land inherited by his children from their mother, until the children become of age.

A father, as such, has no authority to lease his children's land.

Upon the majority of the children, a notice to quit must be given by tenant by curtesy, as a pre-requisite to a suit.

DECISION OF JUDD, C.J.

This is an action of ejectment to recover possession of some fourteen acres of land at Hana, Island of Maui, described in Royal Patent No. 4878, to Kaihe. The plaintiff disclaims as to seven 18-100th acres, being the mauka half, which he admits is held by the defendant under a lease for twenty years from Kaihe, the patentee, dated September, 1866.

As to the remaining half, plaintiff claims title under a lease for eight years from the 10th of October, 1883, dated the 28th of March, 1883, recorded the 26th of May, 1883, from Kailinoe (w.) and her husband Wm. Needham, and Kaanaana; the heirs at law of Kaanaana 1st, deceased, the grantee of Kaihe by deed dated October 24, 1866.

It is in evidence that Kailinoe, lessor of plaintiff, was born in 1864, of the parents Kaanaana 1st (w.) and Kalawa, and that Kaanaana, the other lessor of plaintiff, was born March 15th, 1866. This last-mentioned person therefore came of age on the 15th of March, 1884. The defendant holds by virtue of a lease from said Kalawa, made on the 9th of December, 1880, for the term of ten years from the 10th of October, 1883, a former lease from the same party having expired on the 10th of October, 1883.

Kalawa was entitled to an estate by the curtesy in the land which his children Kailinoe and Kaanaana inherited from their

mother, Kaanaana 1st, deceased.   See Section 1286 of the Civil Code.

His lease to the defendant was, therefore, good until the children severally became of age.

But it is urged that, by Section 1288 of the Civil Code, the lease of the father, who is by this law the natural guardian of the persons and property of his children, is good during their minority and beyond this period unless disaffirmed by the minors on arriving at majority.

A father has no authority as such to lease his children's lands.   1st Wash. Real Property, p. 307, Ed. of 1860.

I think that a lease of the land to a third party and notice to quit by him is a sufficient disaffirmance by the heirs of Kaanaana 1st, of the lease to defendant.

The lease of the tenant by the curtesy, defendant's lessor, expired as to one undivided half of the land, on the attaining of the majority of Kaanaana in 1882.   A notice to quit was necessary as a pre-requisite to the suit.   This was not given until early in October, 1883.

The estate of the defendant's lessor of the remaining half (Kailinoe's) of the land had not expired when the suit was begun.

Judgment must therefore be for the plaintiff for one undivided half of the makai seven acres; as to the other half, the suit was premature.

Damages $1.

*W. R. Castle,* for plaintiff.

*C. Brown,* for defendant.

Honolulu, April 30, 1884.