# WILLIAM IONA, ISAAC IONA AND WAHINE IONA v. UU, FLORA UU AND T. BRANDT.

QUESTIONS RESERVED BY CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JANUARY 10, 1905. DECIDED JANUARY 28, 1905.

FREAR, C.J., HARTWELL AND HATCH, JJ.

COURTESY—*duration of.*

Under the former statute, under which the husband had an estate in the wife's lands after her death until the children attained majority, the estate ceased as to each child's portion upon that child's attaining majority.

ID.—*tenant by, power to lease.*

Such tenant by courtesy had no authority to lease the land beyond the age of majority of the children.

PARENT—*power of, to lease child's lands.*

A father as such or as natural guardian has no authority to lease his child's land.

ADVERSE POSSESSION—*claim of, under lease, after lessor's estate ceased.*

In order to sustain a defense of adverse possession, there must be shown not only possession but a claim of ownership. A claim of a term of years is not sufficient. Heirs may recover from one who claims solely under a lease made by a tenant by curtesy to extend beyond the estate by curtesy, even though the period prescribed by the statute of limitations has elapsed since the termination of the estate by curtesy. In such case the term of years is in recognition of and not contradictory to the fee, and the lessee holds over permissively or by sufferance.

OPINION OF THE COURT BY FREAR, C.J.

This is an action of ejectment for land covered by R. P. 6634, L. C. A. 3588 to Koula. Kawelo, the patentee's grantee, died

in 1879 leaving her husband, Iona, and three sons, the plaintiffs, the latter all then under age. Iona in 1883 executed a paid up lease of the land for a term of 50 years for $200 to one Akiona alias Achong. Akiona went to China about ten years afterwards and a year or two after his departure one Chin Fat Kee, representing himself as agent of Akiona, sold the lease and a house upon the land to the defendant Brandt for $300, as shown by a receipt for the money, no formal assignment of the lease having been made. Brandt entered into possession and afterwards put the other two defendants, Uu and Flora Uu, his wife, in possession as tenants of his.

For the purposes of the case it will be assumed that there was a valid assignment of the lease from Akiona to Brandt, so far as the authority of Chin Fat Kee and the formality of the assignment are concerned. Iona, who died in 1896 or 1897, had, under the law (Civil Code, Sec. 1286) in force prior to the married woman's act of 1888, an estate by curtesy in the land until the sons should attain majority, and the sons took the fee by descent subject to such estate by curtesy. It is not disputed that the lease made by Iona to Akiona was good until the termination of Iona's estate by curtesy; and that such would be the case was held in *Hanuna v. Unna,* 6 Haw. 485. The two older sons attained majority more than ten years, and the youngest son less than ten years, before the commencement of this action—ten years being the period prescribed by the statute of limitations.

The questions reserved by the trial judge are in substance as follows: (1) Did the estate by curtesy continue, and therefore was the lease good, as to all the land until the youngest son attained majority or did it cease as to one-third of the land upon each son's attaining majority? (2) If the right of action accrued as to each son at majority, were the two older sons barred by the statute and, if so, could there be a discontinuance or nonsuit as to them and a recovery by the youngest son? (3) Was the lease void or only voidable as to the sons upon their attaining majority, and, if void, would the possession of the defendants, which began permissively under Iona, continue

permissive thereafter, or, if voidable, would failure on the part of one or all of the sons to disavow it seasonably, confirm it? (4) If the youngest alone could recover, could he recover the entire land? Freeman on Co-tenancy, Sec. 168; *Williams v. Sutton,* 43 Cal. 71, are cited with reference to the last question.

The estate by curtesy ceased as to one-third of the land upon each son's attaining majority, and Iona could not in his own right lease the land for a period longer than that to which he was entitled by curtesy and could not as father or natural guardian lease his sons' land at all. *Hanuna v. Iona,* supra. Even a statutory guardian is without authority to lease his ward's land beyond the latter's majority, although in such case the lease would be only voidable after such majority and could be ratified or disaffirmed by the ward upon attaining majority. *Nawahi v. Hakalau Plant. Co.,* 14 Haw. 460. Whether the lease in the present case was void or only voidable after the sons' attaining majority it will not be necessary to decide. There is no evidence of ratification. A mere failure to disaffirm would not under the circumstances of this case amount to an affirmance.

In our opinion the lessee and those claiming under him continued to hold permissively or by sufferance after the termination of the lessor's estate by curtesy. If Iona had executed a deed purporting to convey the land in fee instead of a lease for a term of years the result might have been different, though as to this we need express no opinion. Many cases hold that the grantee in fee of a life tenant holds adversely after the termination of the life estate although not during the life estate. But assuming that to be the correct doctrine where a grant is made in fee simple, it does not follow that a lessee for a term of years would hold adversely for the remainder of the term, after the termination of the estate of the lessor. To sustain a claim of adverse possession not only must there be possession but it must be under a claim of ownership. A claim for a term of years under a lease, which is the only claim the defendants make in this case, implies that there is an outstanding fee in someone, under whom the lessee holds. That being the case the lessee can-

not defend on the plea of adverse possession against the owner of the fee but is forced to rely upon the validity of his claim under the lease, and this is so even though he obtained the lease from one who had no authority to give it.   This is well illustrated by the case of *Bedell v. Shaw,* 59 N. Y., 46.   In that case the City of Brooklyn executed a deed purporting to convey a term of 1500 years by virtue of an alleged sale for the non-payment of an assessment.   That was in 1838.   In 1846 the lessee conveyed the residue of the term to another who immediately entered into possession, claiming title under the deed, and erected a building on the premises, and he and his tenants continued to occupy the premises until the owner of the property brought an action of ejectment in 1870 against the tenants then in possession.   The court held that the defense of adverse possession was not sustained, saying among other things :

"This case is to be distinguished from that of *Sands v. Hughes* (53 N. Y. 287).   There the defendants began and kept up their possession for over twenty years, with a claim to the entire title. The conveyances under which they claimed were of the fee. Their claim denied the existence of any other title than theirs. Possession for such a time, under such a claim, was adverse, though the title was not rightful.   Here, however, the claim in its beginning, and ever since, admits that there is a rightful title in fee elsewhere than in the defendants, and that it is in the plaintiff, and admits that it is under that rightful title that possession was taken and is kept up.   It is not a claim to the entire title, a claim to the fee.   It is not a claim in utter hostility to the true title.   If there be a rightful title, it, prima facie, draws to it the right of immediate possession.   It is for the occupant to show that under the title he has a right to possession, for his possession does not begin in hostility to that title, but in accord with it and in consequence of it.   What is the claim of the defendants ?   It is a claim for an unexpired term.   They make that claim under a conveyance, and not otherwise.   The conveyance they produce purports no more than to grant the remainder yet to come of an unexpired term.   The defendants' claim is, then, that they are tenants for years.   A tenant for years is possessed, not properly of the land, but of the term for years. * * * It is true that the lease under which they claim is not from the

owner. It is from the municipal government against the will of the owner. But one coming into an estate for life, by purchase at sheriff's sale, may not establish an adverse possession against the reversioner. * * * Possession of land long enough continued may ripen into a title. It must be accompanied by a claim of a title in fee. Possession alone, unexplained by collateral circumstances, evidences no more than that the occupation is rightful. But mere possession is as consistent with a right to occupy under a lease for years, or for life, as in fee. The quality and extent of the right, depends upon the claim which goes with it. To the extent of the claim, will the presumption of the law go in favor of the claimant, and no farther. If he asserts only a claim for years, and that is consistent with his possession, the law will not, upon the mere fact of his possession, adjudge him to be in, under a higher right or larger estate. * * * So here, from the claim made by the defendants, the law adjudges their possession to be no greater than that of tenants for a term of years. But the possession of a tenant for life or for a term of years, is not adverse to, but is consistent with, the title of the reversioner in fee."

A different branch of the case just cited suggests that possibly the defendants in the present case may properly be allowed the value of improvements upon the land by way of reduction or extinction of the damages, if any, if they can show that they and the lessee under whom they hold entered and continued in possession in good faith and made improvements of a valuable and permanent nature.

The conclusion is that none of the plaintiffs are barred by the statute of limitations and that the defendants cannot rely upon adverse possession as a defense against the heirs when their only claim is of a term of years under a lease made by a tenant by curtesy. The case is remanded to the circuit court of the fifth circuit for such further proceedings as may be proper.

*John D. Willard* for plaintiffs.

*M. F. Prosser* for defendants.