YEE CHIN, SHAR LUM, YEE PING, TOM HU, FONG KU, CHOI KEE, TOM WAI AND CHONG KEE, CO-PARTNERS DOING BUSINESS AS WO SING & CO., *v.* YUEN KAU, DOING BUSINESS UNDER THE NAME OF Y. AKAU.

SUBMITTED OCTOBER 3, 1907.    DECIDED OCTOBER 17, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

ACCOUNT STATED.
 Evidence held sufficient to support decision.
STATUTES—*construction.*
 R. L. 1747 does not require the decision of a circuit court in a jury waived case to contain special findings of fact.

OPINION OF THE COURT BY BALLOU, J.

This is an action upon an account stated in which the circuit court, jury waived, gave judgment for the plaintiffs for $41.89. The plaintiffs' witnesses testified to the effect that a bill for goods sold and delivered amounting to $43.89 had been repeatedly sent to defendant; that plaintiffs' collector had called upon the defendant who promised to pay when he had money;

that he had paid $2 on account; that he subsequently promised one of the partners of the plaintiff firm to settle a little at a time. This is evidence from which an account stated could be inferred; and defendant's guarded denials merely raised an issue of fact which is not for us to pass upon. The assignment of error relating to the insufficiency of the evidence to support the decision must therefore be overruled.

Upon cross examination of one of the plaintiffs, defendant's counsel was permitted, over objection, to go into the date of original sale on which the account stated was based, which proved to be nearly four years before the date of the account stated. The manifest object of this was to discredit plaintiffs' claim by showing its staleness, and there was no error in then allowing the witness on redirect examination to testify why the plaintiffs had not brought suit at an earlier date, and so far as their reason was based upon their collector's reports of defendant's repeated promises it was not open to the objection of being hearsay. 3 Wigmore Evidence, Sec. 1789. Admissions by the defendant of the correctness of the account, though subsequent to the date of the account stated as laid in the declaration, were of course competent evidence.

The decision of the court was in writing, as required by R. L. Sec. 1747, but defendant assigns as error that it contained no findings of fact based upon the evidence. The statute clearly does not require findings of fact, as we have already held. *Waialua Agricultural Co. v. Oahu Railway & Land Co.,* 18 Haw. 81, 87.

The judgment is affirmed.

*W. W. Thayer* for plaintiffs.

*E. M. Watson* for defendant.