*C. W. Ashford* for defendant.

---

ALICE K. KAAE *v.* KAULA RICHARDSON, JOHN RICHARDSON, JOHN HOSE AND ROWENA K. HOSE.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED DECEMBER 2, 1907. DECIDED DECEMBER 16, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EJECTMENT—*adverse possession.*

> Evidence of cutting wood and payment of taxes by the plaintiff, claiming title by purchase as well as by prescription, followed by leasing to a tenant who made actual use of the land, would justify an inference of adverse possession.

OPINION OF THE COURT BY HARTWELL, C.J.

This was an action of ejectment to recover possession of certain land in the ahupuaa of Waiokama at Lahaina containing

11,130 sq. ft., with $1000 damages for its detention. The action was brought September 15, 1906, the plaintiff claiming by purchase and also by prescription. The complaint describes the land by metes and bounds and shows that it fronts upon the government road having on one side a lot belonging to the Lahela Shaw estate, on the other side a lot occupied by Phillip Pali, the further or makai side extending along the sand lot. The ahupuaa was awarded by the board of commissioners to quiet land titles to Lota Kamehameha (Kamehameha V.) and was conveyed September 24, 1878, by his heir, Ruth Keelikolani, to Lahela Pia of Lahaina for the consideration of $1, reserving the loko (fish pond) of Mokuhelia and the kahuahale of Mokuua. The deed does not describe the land by the metes and bounds which were afterwards settled by the commissioner of boundaries and inserted in royal patent No. 7860, granted October 22, 1887, which shows 25.86 acres. October 11, 1894, Lahela Pia, her husband, Pat Shaw, joining, conveyed to the plaintiff for the consideration of $1 the loko (fish pond) on the makai side of the government street at Lahaina and the adjoining lots makai of the fish pond to the beach running to the makai side of the fish pond of Mokuhelia on the boundary of Waiokama adjoining Halepuila, reserving the outlets of the pond of Mokuhelia which is stated to be part of the ahupuaa of Waiokama.

The question is whether the land thus conveyed to the plaintiff is the land described in her complaint, in which case there is no doubt of her title by purchase, or, except the strip along the high water mark which is clearly a portion of the ahupuaa, the land of kuleana 199 awarded to John Dawson, upon which a patent was issued October 31, 1879.

. The plaintiff claims that whether the land conveyed to her is a portion of the ahupuaa or not she has used it as her own, claiming it under her deed, and thereby has acquired a title by adverse possession continuing ten years prior to the time of the erection of a house by Kalua Paniani in the latter part of 1905. The defendants resist this claim of adverse possession

and claim to be entitled to the kuleana land under certain conveyances from one of Dawson's two daughters and devisees under his will which was presented for probate June 19, 1851, when letters of administration with the will annexed were issued.

Jury was waived and the trial judge gave judgment for the plaintiff with $150 damages, but it is not clear whether he regarded the evidence as showing a title in the plaintiff by purchase or by prescription although he remarks in his decision, "There has been no interruption of possession by any party from the time of Ruth Keelikolani up to the time that Mrs. Richardson started to build a house, which is a little more than ten years from the time of Alice K. Shaw's deed," and also that "from Dawson's death in 1851 to the deed from Mrs. Auld to Kalua Paniani (July 27, 1900,) nobody seems to be in possession for Dawson." We will consider then whether there was evidence to sustain a finding of a prescriptive title, the defendants having excepted to the judgment on the ground that it was not sustained by the evidence.

The evidence is extremely unsatisfactory and yet we do not feel at liberty to set aside the decision on the ground that there was not evidence of a prescriptive title. After plaintiff's lease of July 14, 1897, until the erection of a house upon the premises in the latter part of 1905, the plaintiff's adverse holding is clearly established, the difficulty being to regard the evidence as showing adverse possession prior to the lease, being, in substance, the plaintiff's testimony that when she took the deed in 1894 she took possession of the place, "cut trees on the place and took the wood" and that she paid taxes on the place.

The defendants' counsel rely upon *Akowai v. Lupong,* 4 Haw. 259, 261, which was the case of an abandoned or neglected kuleana, in which case the court said that there were many kuleanas totally deserted for over twenty years, but that in order to bar the legal title the konohiki's possession must be "actual, visible, notorious, distinct and hostile" and that the general possession by the konohiki of the ahupuaa in which a

kuleana may be situated is not hostile to the owner of the kuleana.

In the present instance the kuleana was upon the public highway the ahupuaa comprising only about twenty-five acres. This was not like a kuleana in a large ahupuaa over which cattle and horses of the konohiki would roam without attracting the attention of the owner of the kuleana. Moreover, the adverse possession in this case is not that of the konohiki but of one who claims to have purchased the land and that if she has failed to locate it as a portion of the ahupuaa she has acquired it by adverse possession.

Upon the whole, a jury, or a judge, sitting in place of a jury, may have been authorized to infer adverse possession from the evidence, slight as it is.

Exceptions overruled.

*E. M. Watson* (*J. L. Coke* with him on the brief) for plaintiff.

*W. A. Kinney* (*Kinney & Marx* on the brief) for defendants.