## TAM WOODS (ALSO KNOWN AS TOM WOODS) *v.* MANUEL RAPOZO.

### No. 1400.

EXCEPTIONS FROM CIRCUIT COURT FIFTH CIRCUIT. HON. W. C. ACHI, JR., JUDGE.

ARGUED FEBRUARY 1, 1923.                    DECIDED MARCH 21, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

TRIAL—*decision in jury-waived cases—"reasons."*

The court's "reasons" for its decision within the meaning of the requirement of section 2380, R. L. 1915, are its determination, opinion or conclusion upon the respective issues of law and fact raised by the pleadings and necessary to support the cause of action or defense.

OPINION OF THE COURT BY PETERS, C. J.

Plaintiff brought trespass on the case in the fifth circuit court for injuries sustained by reason of the alleged

negligent operation by defendant of an automobile upon a public highway. Defendant answered denying specially the allegations of negligence. Trial was had jury waived resulting in a judgment for plaintiff. Defendant prosecuted exceptions to this court.

The only exception meriting attention is that to the decision. It assigns several grounds of error but due to the conclusion we here reach we shall consider but two— (a) the alleged failure of the trial court to state its reasons for its decision as required by section 2380, R. L. 1915, and (b) the alleged refusal of the trial court to make specific findings of fact requested by defendant.

The pertinent portion of section 2380, R. L. 1915, with which we are concerned, reads as follows: "In such case the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor." In its original form (Sec. 1138, C. C. 1859), and as carried through the revision of 1905, the words "stating its reasons therefor" were not present. They were added by chapter 117, section 1, S. L. 1909. As the statute stood prior to the amendment no reasons for the court's decision were required. (*Waialua Agr. Co.* v. *O. R. & L. Co.,* 18 Haw. 81, 87; *Wo Sing* v. *Akau,* 18 Haw. 427, 428.) This resulted in this court experiencing considerable difficulty in the consideration of appeals in jury-waived cases to determine the extent of the trial court's decision which finally found expression in the case of *In re Lewers & Cooke,* 19 Haw. 334, 335, where the court said: "In jury waived cases particularly it some times happens that the decision is so brief as to afford no clew as to the matters of law and fact passed upon, and that it is possible to support the decision upon a view of facts which, while sustained by some of the evidence, is so completely contradicted by other testimony that it was

in all probability not the real ground for the decision. The appellate court, while satisfied that in all probability the decision was based upon a true view of the facts and an erroneous application of principles of law, is obliged to sustain the decision because there is some testimony to support an improbable view of the facts. We do not wish to discourage the practice of the trial courts in indicating either in their opinions or in separate findings the principal questions of law and fact passed upon. It would be better practice to have findings filed prior to or contemporaneously with the decree, but we do not consider this material if they are filed before the record is sent to the supreme court."

The *Lewers & Cooke* decision was in January 1909 and the amendment was enacted in the following April.

Aside, however, from the manifest intention of the legislature by the passage of Act 117, S. L. 1909, to cure the fault complained of, the scope of the amendment is clear.

A cause of action necessarily involves both law and fact—the facts from which the plaintiff's primary right and the defendant's corresponding primary duty arose together with the facts which constitute the defendant's delict or act of wrong and the law creating such primary right and the corresponding primary duty. A defense involves any fact or set of facts which will in law defeat the cause of action in whole or in part. A cause of action or defense is asserted by pleadings. Pleadings are allegations by the parties to a cause for the purpose of presenting for trial and determination the issues of fact and law involved and essential to establish a cause of action or defense. Prior to the amendment of 1909 a decision of the court upon the trial of an action at law jury waived, similarly as a verdict of a jury, need but state in whose favor the issues of fact and law were de-

termined and thereupon judgment was entered accordingly by the clerk. By the amendment the court was required to give its "reasons" for its decision. Obviously the court's "reasons" for ultimately determining the issues of law and fact in favor of one party or the other would be and could only be its determination, opinion or conclusion upon the respective issues of law and fact raised by the pleadings and necessary to support the cause of action or defense. To hold otherwise would be to admit that there were other considerations besides the facts and the law which could constitute "reasons" for the ultimate decision. Burden and degree of proof, credibility of witnesses, etc., are merely rules for guidance in determining the facts. The prior determination by the court upon the respective issues of law and fact presented by the pleadings and essential to establish the cause of action or the defense is necessary to an ultimate decision in favor of one party or the other. By the statute it is not alone the function but the duty to decide "the cause both as to the facts and the law." Formerly the determination, opinion or conclusion of the court upon these respective and individual questions of law or fact need not be expressed. Since the amendment their expression has become necessary. When expressed they constitute the court's "reasons" for its ultimate decision.

That no standard by which the sufficiency of the reasons assigned for the court's decision may be measured is provided by the statute is immaterial. However informally expressed the determination, opinion or conclusion of the court upon the facts and law alleged by the pleadings and necessary to sustain the cause of action or defense constitutes the "reasons" for the ultimate decision and is a compliance with the statute. To require more would be to usurp the legislative functions. To

require less would render the amendment meaningless and abortive.

We are of the opinion that the trial court's decision does not comply with the requirements of section 2380. It would serve no useful purpose to quote the decision in full. Its defects render it useless as an object of constructive criticism. No attempt was made by the trial court in its decision to express its determination, opinion or conclusion upon the facts upon which depended the primary right of plaintiff and the corresponding duty of defendant or upon the facts alleged as constituting the defendant's delict or act of wrong. The complaint alleged and there was evidence tending to show that immediately prior to the accident both the plaintiff and the defendant were using a public highway—the former afoot and the latter driving an automobile—in such physical relation to each other as to entitle each to certain rights and to impose upon the other certain corresponding and reciprocal duties and obligations. These facts should have been stated by the court in its decision; also the law applicable thereto.

It is further alleged in the complaint and there was evidence tending to show that the defendant committed certain acts in violation of the primary duty that he owed the plaintiff. These facts should have been stated and the law of negligence applied thereto. Negligence is a mixed question of law and fact. The decision merely recites " * * * the plaintiff did * * * sustain the injuries complained of * * * by reason of the negligence of the defendant." The facts were disputed. For all that the decision discloses the court may have determined that the defendant was guilty of certain acts which did not in law constitute negligence. The facts and the law essential to plaintiff's recovery should be stated.

On the other hand the defendant under his answer was

entitled to show and he adduced evidence tending to show that plaintiff was guilty of contributory negligence. The plaintiff claimed he was struck by defendant's automobile approaching from the rear while he was walking along the right-hand side of the road. The defendant on the other hand claimed that plaintiff deliberately walked in front of his (the defendant's) oncoming automobile while attempting to cross the road. The exact place of the accident was the pivotal point in the case. Obviously the place of impact was the determining factor in deciding whose negligence—that of the defendant or that of the plaintiff—was the direct and proximate cause of the injury. The question of contributory negligence, like negligence generally, is one of mixed law and fact. In order for the plaintiff to recover it must appear that he was free from negligence directly and proximately contributing to his own injury. To be consistent and to entitle the plaintiff to recover the facts found by the court should have negatived contributory negligence on the part of the plaintiff. The decision, however, is absolutely silent upon the facts. We are unable to ascertain whether the court found that the injury occurred on the right-hand side of the road, as claimed by plaintiff, or in the middle of the road and under the circumstances claimed by defendant. The court in its decision merely added to its finding of negligence, heretofore quoted, the conclusion that plaintiff's injuries were sustained "solely without fault or negligence on the part of the plaintiff directly or indirectly contributing thereto." The mere statement that the defendant was guilty of negligence and that the plaintiff was free from contributory negligence is not sufficient. The facts and the law admitting of such conclusion should be stated. It is true that in deciding the extent of the injuries complained of and the damages to plaintiff resulting therefrom the court did

in general terms refer to the allegations in the complaint. But we conclude that such reference was confined to the subject-matter to which it referred and was not intended by the court in any way as a determination, opinion or conclusion upon the issuable facts raised by the complaint and answer and essential to recovery by plaintiff.

Finally as to the refusal of the trial court to make specific findings of fact requested by defendant. There is no statutory authority therefor in this jurisdiction. The practice, however, is a good one. It may be of assistance to the trial court and should not be discouraged. But complaint of the court for failure to make specific findings as requested can only be taken advantage of under the general assignment of error to the failure of the court to state its "reasons" for its decision. The statute is mandatory and compliance therewith is to be determined by the provisions of the statute and not by the propriety of the requests.

No error appearing prior to decision, the cause is remanded to the circuit court to render a decision herein "stating its reasons therefor."

*B. S. Ulrich* (*Thompson, Cathcart & Ulrich* and *S. W. Fitzherbert* on the brief) for plaintiff.

*L. A. Dickey* (*P. L. Rice* with him on the briefs) for defendant.