## TAM WOODS (ALSO KNOWN AS TOM WOODS) *v.* MANUEL RAPOZO.

### No. 1400.

MOTION TO AMEND OPINION AND DECISION.

ARGUED APRIL 26, 1923.                    DECIDED JUNE 8, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

*Per Curiam.* In this case upon exceptions to the fifth circuit court defendant's exception to the decision of the trial court jury waived, upon the ground that the decision failed to conform to the provisions of section 2380, R. L. 1915, in that the trial court had failed to state therein "its reasons therefor," was sustained and no error appearing prior to decision the cause was ordered remanded to the trial court with instructions to render a decision "stating its reasons therefor." (See 27 Haw. 21.)

Frank E. Thompson, Esq., as administrator of plaintiff's estate, now, prior to such remand, gives this court to understand and be informed that plaintiff died on January 20, 1922, "while this cause was pending before this court" and before any opinion had been rendered herein, and moves that its opinion be amended "so as to direct the trial court that its decision be amended as of the date of its original rendition, the judgment heretofore filed and entered in accordance with said decision to be and remain in full force and effect."

On January 20, 1922, this cause was pending before the fifth circuit court. Judgment was entered September 30, 1921, and defendant's bill of exceptions was not allowed until April 12, following.

Without passing upon the propriety of the appearance of the movant, or his right in his representative capacity

to so move, the motion must be denied. Where upon exceptions in a jury waived case an exception to the decision is sustained upon the ground that the same fails to conform to the provisions of section 2380, R. L. 1915, due to the failure of the trial court to state in its decision "its reasons therefor," and the cause is ordered remanded with instructions to the trial court to render a decision "stating its reasons therefor," such order is in effect a direction to the trial court to proceed anew with the trial of said cause at that point where the error occurred and complete the same to decision and judgment as though no decision had theretofore been rendered in said cause. The rendition of a decision is a judicial act. For this court to now order the amendment as prayed would be to usurp a supervisory control over the judicial functions of the trial court, of which neither the former opinion of this court nor its order of remand admits.

If the action survives, the decision when rendered by the trial court as directed will be a part of the continuation of the trial of this cause and should bear the date of its rendition and not the date of the previous decision which this court by its opinion has vacated and set aside.

*B. S. Ulrich* and *Marguerite K. Ashford* (*Thompson, Cathcart & Ulrich* on the brief) for the motion.

*P. L. Rice* and *L. A. Dickey,* contra, filed written objections but did not argue.