MRS. AI MATSUO AND MRS. LAURA JOSE *v.* GER-
TRUDE TEXEIRA, HENRY DE AGUAIR, RICH-
ARD DE AGUAIR, ANNA DE AGUAIR AIPIA,
MRS. FRANCES DE AGUAIR, FRANCES DE
AGUAIR, GUARDIAN OF ROSA, DOROTHY AND
ALFRED DE AGUAIR, MINORS.

No. 2219.

SUBMITTED NOVEMBER 4, 1938.      DECIDED NOVEMBER 21, 1938.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE STAFFORD
IN PLACE OF KEMP, J., DISQUALIFIED.

OPINION OF THE COURT BY PETERS, J.

This is a statutory action at law to try title to real property. Plaintiffs claimed title by prescription as joint owners in fee simple. The land involved is lot 28 of the subdivision of R. P. 4475, L. C. A. 7713 to V. Kamamalu, Holualoa 1 and 2, containing an area of 1.38 acres and described in the complaint by metes and bounds. Trial was had, jury waived. Judgment was for plaintiffs and defendants prosecuted exceptions.

The only exception that need be considered is that to the decision upon the ground that it fails to disclose any findings of fact which would justify the conclusion that the plaintiffs had acquired title to the land in dispute by adverse possession. In our opinion this exception is well-taken.

It is alleged in the amended complaint "that the plaintiffs and the parties under and from whom they claim title and hold possession have actually had and held said parcel of land [lot 28] uninterruptedly, exclusively and adversely ever since the year 1917 or 1918 in good faith and under claim of right and color of title." In support of the latter allegation, plaintiffs offered evidence of color of title from one de Aguair the devolution of which included an alleged parol grant from de Aguair to one Muller. The evidence of color title also included a deed from Muller to Texeira dated December 31, 1920; a deed from the latter to one Pacheco dated December 15, 1921; a lease from Pacheco to Y. Matsuo, the husband of plaintiff, dated November 27, 1926, for a period of ten years from January 2, 1927; a deed from Texeira to the plaintiff Matsuo dated February 21, 1927, and a deed from Pacheco to the plaintiff Jose dated May 9, 1927. The deed from Muller to Texeira was of all of lot 28. The deed from Texeira to Pacheco purported to convey an unidentified half acre included in lot 28 described as "about ½ of an acre more or less land lying and situated mauka of the upper Government road in the

land of Holualoa, District of North Kona," concluding with a reference to the deed from Muller to the grantor. The premises were not described by metes and bounds nor by reference to any artificial or natural boundaries on the ground. This deed was placed of record December 2, 1926. The lease from Pacheco to Y. Matsuo, the husband of plaintiff, purported to demise the premises said to be conveyed to the lessor by Texeira and described the same as "all that certain piece or parcel of land * * * containing an area of One-half (½) Acre, more or less, lying on the mauka side of the said proposed road and opposite the said Allotments 17 & 18, the boundaries of which are distinguished and bounded by a stone wall." The "proposed road" referred to is not elsewhere defined. Allotments 17 and 18 refer to two lots to the west of lot 28 and separated therefrom by a twelve-foot trail. The deed from Texeira to Matsuo conveyed to the grantee all of lot 28. The deed from Pacheco to the plaintiff Jose purported to convey among other lands the one-half acre acquired by the grantor from Texeira, the deed describing the premises as "one-half (½) acre, more or less, of land situate in the land of Holualoa * * * the same being the identical premises purchased from Antone S. Texeira by deed dated" etc. In support of the allegation of title by prescription there was evidence of occupancy by Texeira of lot 28; the occupancy by Pacheco and by his lessee, Y. Matsuo, of a one-half acre apparently included in whole or in part in lot 28 and occupancy by the plaintiff Matsuo of the remainder of lot 28. Apparently the plaintiff Jose had never been in possession of the one-half acre claimed by her.

To acquire a prescriptive title to land the possession must be adverse, hostile, exclusive, notorious and continuous. (*George* v. *Holt,* 9 Haw. 135, 139; *Manumanu and Mahuka* v. *W. H. Rickard,* 4 Haw. 207, 208; *Akowai* v.

682

*Lupong,* 4 Haw. 259, 262; *Judd* v. *Kuanalewa,* 6 Haw. 329, 330; *Albertina* v. *Kapiolani Estate,* 14 Haw. 321, 325.)

The court's decision with the exception hereafter noted is devoted exclusively to a consideration of the alleged parol grant from de Aguair to Muller. After a careful analysis by the court of the evidence upon that question it concludes with the following finding: "The idea of having divested himself of all interest in this Lot No. 28 is so strongly corroborated by the subsequent acts of Tom de Aguair himself is so overwhelming that the Court can make but one decision, and that is, that for a period of more than ten years before the institution of this action to quiet title the plaintiffs and their immediate predecessors in continuous succession had been in full possession and peaceful and quiet enjoyment of the same that they, the Plaintiffs, are entitled to have a Judgment entered in their favor and against the Defendants with their costs." To entitle the plaintiffs to prevail it was necessary for the court to find affirmatively upon all the legal essentials of adverse possession. The decision of the court however is absolutely silent upon the character of the possession—whether it was adverse, hostile, exclusive and notorious as well as "peaceful and quiet." It is not sufficient that the court finds that the plaintiffs and their immediate predecessors in continuous succession had been in full possession and peaceful and quiet enjoyment of the premises but it must appear that such possession was adverse, hostile, exclusive and notorious. Otherwise the possession of the plaintiffs was not adverse within the legal concepts of that term.

In *Ward* v. *Cochran,* 150 U. S. 597, an action in ejectment in which the defendant relied on adverse possession for the statutory period as a defense, the jury upon special verdict found that the defendant's possession had been open, continuous, notorious and adverse with claim of ownership. Error was assigned upon the ground that there was

no finding by the jury that the possession had been actual and exclusive. Judgment was reversed, the court holding: "Tested by these definitions, it is obvious that if the title relied on in this case, by the defendant below, was fully described and characterized by the special verdict, it was defective in two very essential particulars, in that it was not found to have been actual and exclusive. A possession not actual, but constructive; not exclusive, but in participation with the owner or others, falls very far short of that kind of adverse possession which deprives the true owner of his title." The case of *Tyee Consol. Min. Co.* v. *Langstedt,* 121 Fed. 709, is quite similar to the case at bar. The action was ejectment. The defense was the statute of limitations. The case was submitted to the trial court upon a stipulation of facts. The trial court in the precise words of the answer found "that the defendant and his grantors and predecessors in interest have been in the actual, open, notorious, and continuous possession, for a period of more than ten years prior to the commencement of this action, of the land in controversy." On appeal the appellate division brushed aside the defense of the statute of limitations and decided the merits upon the failure of the trial court to find that the possession of the defendant was also exclusive and hostile. After discussing several cases decided by the Supreme Court of the United States, including the Ward case, the court said: "Measured by these utterances of the Supreme Court, the possession of the defendant in error was not adverse, and did not amount to disseisin of the plaintiff in error or its grantors. It was actual, open, notorious, and continuous, with a claim of ownership, but it lacked two essential requisites: It was not shown to be either exclusive or hostile. The averment in the answer that the defendant 'now' claims adversely, if it have any significance, serves only to strengthen the inference that prior to the commencement of the action his claim was not

adverse. The possession not being adverse, the statute of limitations never began to run. It was error, therefore, to enter judgment upon the stipulation in favor of the defendant in error."

Section 4102, R. L. 1935, requires that where a trial is had, jury waived, the court shall decide the cause both as to the facts and law and its decision shall be in writing stating its reasons therefor. The provisions of the statute are mandatory. (*Kahai* v. *Yee Yap*, 20 Haw. 192; *Woods* v. *Rapozo*, 27 Haw. 20, 26.) And failure to comply therewith constitutes reversible error. (*Kahai* v. *Yee Yap*, *supra; Yoshiura* v. *Saranaka*, 23 Haw. 761; *Waianae Co.* v. *Kaiwilei*, 24 Haw. 1; *Sasaki* v. *Nakamura*, 26 Haw. 178; *Woods* v. *Rapozo, supra.*) This court in *Kahai* v. *Yee Yap*, *supra*, in commenting upon the provisions of the statute observed: "there is good ground for such a requirement." The observation is peculiarly apt in the instant case. The plaintiffs claimed ownership as "joint owners," in other words, as tenants in common. In view of the allegations of the complaint, findings upon the character of their possession and that of their predecessors in interest where that relation obtained are essential to a compliance with the provisions of section 4102, *supra*.

The exception considered is accordingly sustained and the cause remanded for further proceedings consistent with this opinion.

*Carlsmith & Carlsmith* for defendants.

*W. H. Beers, S. Shapiro* and *Stainback & Massee* for plaintiffs.