KUNIO SUZUKI, MITSUO SUZUKI, JAMES MASAO SUZUKI, HENRY YONEO SUZUKI AND ALICE UMIKO WAKI *v.* ANABEL S. GARVEY.

NO. 2793.

ARGUED APRIL 4, 1952.                    DECIDED JULY 23, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

Writ of error is prosecuted from the judgment of the circuit court denying the plaintiff in error's asserted title to certain realty by adverse possession.

In 1934 the Bishop Trust Company, Limited, owned certain lands and improvements in Honolulu bounded by Alexander, King, Artesian and Young streets. It subdivided the tract, preserving the largest lot to the rear of certain retail-store premises fronting King street as a single parcel, hereinafter referred to as the "central por-

tion." The area abutting on King street was divided into four parcels. Of these four lots, P and Q as adjacent parcels, together with the central portion of lot X, are here involved. The central portion was subjected to a perpetual easement 10 feet by 78.88 feet for ingress and egress to parcel P. The easement was preserved and so described in all subsequent conveyances of those parcels. As a result of the subdivision a wooden frame building of nominal value, originally a portion of the improvements upon the central portion, became an obstruction to the easement by encroachment upon parcels P and Q, precluding both foot and vehicular travel over the easement. The encroaching building extended over and into the mauka boundary of lot P, the area upon which the building is located being the subject of the asserted claim of ownership by the plaintiff in error.

The Bishop Trust Company, Limited, conveyed the central portion to Louisa Y. Kim on July 2, 1935, and parcel P to Henry Yoneo Suzuki on August 29, 1936. Suzuki conveyed to a third party, who reconveyed to the defendants in error. The defendants in error leased the encroaching building from Louisa Y. Kim. Mrs. Kim recognized the easement and at no time asserted title to the central portion free from the easement. On July 1, 1944 she conveyed the central portion to plaintiff in error, the easement in favor of lot P being recited in the conveyance. All deeds and the lease were duly recorded.

Subsequently, plaintiff in error for the first time advised the defendants in error of her claim of title, not only to that portion upon which the encroaching building was located, but to the entire area of the easement. Title by adverse possession was asserted free from the easement.

Plaintiff in error, upon this asserted title, increased the rental of the building. The defendants in error thereupon terminated their tenancy, and on May 24, 1949 instituted

proceedings to quiet title to the easement and to that portion of lot P upon which the building encroached.

Henry Suzuki testified that Louisa Y. Kim's husband, prior to the conveyance to the plaintiff in error, informed him that he contemplated raising the rental, and that he, Suzuki, requested him to move the encroaching building. Kim thereupon advised Suzuki that he and Mrs. Kim recognized the easement in favor of the Suzukis as recited in the conveyance to them. Suzuki further testified that Kim advised him that the rental had been in a lesser amount up to that time for the reason that the Suzukis owned the easement. The Kims at no time claimed or asserted a right to obstruct the easement by encroachment of the building upon it, Mr. Kim at the time of purchase advising the broker representing the plaintiff in error that the Suzukis owned the easement upon which the structure encroached. Neither did Mrs. Kim, as grantor in any of the conveyances, assert any claim or dominion over the central portion free from the easement.

In the proceedings below, the trial judge found that the defendants in error held an unencumbered title in fee to that portion of lot P upon which the obstructing building encroached, together with an easement over that portion of the central parcel described in the conveyance to them. They contend that possession of the central portion by the plaintiff in error and her predecessors in title had been permissive from its inception; and resultingly, that if that possession had been converted into an adverse hostile one, they at no time had received either actual or constructive notice of plaintiff in error's adverse claim. They further contend that in the event such claim had in fact been made, transition had occurred subsequent to the conveyance to plaintiff in error, thus precluding the expiration of the ten-year period of adversity. Upon these issues, the trial

judge found that the possession of the Kims had not been hostile as to the defendants in error.

The entire scope of the doctrine of "tacking" as applicable to the facts established, is not to determine whether the claimant had been in possession for any fixed period of time, but to determine whether the claimant has in fact or in law been in possession within the statutory period. We find no such privity existing between the plaintiff in error and her predecessor in title which would bring the asserted claim within the doctrine by "tacking" the period of possession of the Kims to that asserted by the plaintiff in error.

To constitute adverse possession the possession must be actual, visible, distinct, notorious, continuous, exclusive and hostile. (*Manumanu, k., and Mahuka, w.,* v. *W. H. Rickard,* 4 Haw. 207; *Akowai* v. *Lupong,* 4 Haw. 259; *Chung Hoon* v. *Lupong,* 4 Haw. 262.) Recognition of title in another is inconsistent with an assertion of adverse possession. (*Re Land Title, Sing Chong Co.,* 37 Haw. 49.)

It is elementary that the prescriptive period does not commence to run until possession of the party asserting adverse possession becomes open and adverse. The trial judge found that the possession of Mrs. Kim, the plaintiff in error's predecessor in title, was not of the character thus required; and further, that the rental paid by the Suzukis was a nominal one for the reason that Mrs. Kim recognized the Suzukis' rights, both in the property and the easement. Consequently, we find no error in the trial judge's findings that the possession of Mrs. Kim was not adverse and that the plaintiff in error's contention below that the prescriptive period should have commenced at the time of the conveyance to the Suzukis was without merit.

Plaintiff in error urges that a verbal claim of ownership is not a requirement nor an element of adverse possession.

We find it unnecessary to extend our discussion herein beyond the issues already decided, other than to indicate that this court has consistently ruled that adverse possession must be actual, visible, notorious, distinct and hostile. (*Manumanu, k., and Mahuka, w.,* v. *W. H. Rickard, supra,* p. 4; *Akowai* v. *Lupong, supra,* p. 4; *Chung Hoon* v. *Lupong, supra,* p. 4; *Bishop* v. *Kala,* 7 Haw. 590; *Inoa* v. *Uu,* 16 Haw. 432; *Smith* v. *Hamakua Mill Co.,* 15 Haw. 648.) The possession of the plaintiff in error's predecessor herein was not hostile. Failing this element, the asserted claim of adversity is without foundation in fact.

Actual, open, notorious, continuous and exclusive possession for the statutory period may give rise to a presumption of hostility. This presumption, however, may be rebutted by other facts and circumstances shown to exist and must be established by clear and positive proof. (*Territory* v. *Pai-a,* 34 Haw. 722.)

The issue of whether occupancy by an alleged disseisor is permissive or hostile is one of fact determinable by the trial judge upon a jury-waived trial. That finding will not be reversed where, as here, this court would be required to re-evaluate or pass upon the credibility of witnesses or the weight of the evidence. (*Territory* v. *Pai-a, supra.*)

Plaintiff in error now contends that nonuser by the Suzukis and permitting plaintiff in error's predecessor in title to obstruct the easement for the prescriptive period by failing to have the building removed resulted in extinguishment of the easement. The general rule is that where an easement is created by grant, deed, or reservation no duty of user devolves upon the owner of the dominant estate as a condition of his right to retain and assert his interest therein. Nonuser of itself, even for the prescriptive period, will not extinguish the right. (*Goo, Et Al.* v. *Young,* 36 Haw. 132; see 17 Am. Jur., Easements, § 141 for authorities.) Nonuser with accompanying adverse possession

could have resulted in extinguishment of the easement in the facts presented in the record before us, but evidence of hostility is totally lacking as to plaintiff in error's predecessor in title.

There is ample evidence establishing that encroachment upon the easement as well as upon parcel P was permissive. Nonuser of itself did not constitute such abandonment as here asserted. (See 17 Am. Jur., Easements, § 144 for collection of authorities.)

Another ground of error urged is the taxing as costs to the plaintiff in error the disbursement of $19 for photostating of certain deeds by the Registrar, Bureau of Conveyances. Section 9749 of Revised Laws of Hawaii 1945 provides in part: "* * * All actual disbursements * * * deemed reasonable by the court, may be allowed in taxation of costs." The determination of reasonable disbursements resting in the discretion of the trial judge, there appears no abuse of that discretion.

The remaining assignments of error have been considered. Upon the facts established by the record we find them to be without merit.

Judgment affirmed.

*F. Schnack* (*H. C. Schnack* with him on the briefs) for plaintiff in error.

*W. F. Quinn* (*Robertson, Castle & Anthony* with him on the brief) for defendants in error.