## IN THE MATTER OF THE PETITION OF LEWERS & COOKE, LTD.

### APPEAL FROM COURT OF LAND REGISTRATION.

ARGUED JANUARY 18, 26, 1909.        DECIDED JANUARY 28, 1909.

#### HARTWELL, C.J., WILDER AND BALLOU, JJ.

APPEAL AND ERROR—*second appeal.*

The appeal of one party having been sustained and a new decree entered by the trial court, a motion to dismiss an appeal from the new decree is denied, it appearing that new points of law, although not raised by counsel, exist to the extent of requiring a modification of the decree.

APPEAL AND ERROR—*findings of fact by trial judge.*

It is within the power of trial judges to make findings of fact, and such findings will not be stricken from the record on motion.

REGISTRATION OF LAND TITLES—*practice.*

The petition for registration of a parcel of land having been denied in toto in consequence of an adverse claim to a portion of the parcel, this court, upon appeal, modifies the decree so that it shall be without prejudice to the claim to the uncontroverted portion.

In re Lewers & Cooke, Ltd., 19 Haw. 334.

OPINION OF THE COURT BY BALLOU, J.

The decree of the court of land registration registering the title of Lewers & Cooke, Ltd., having been reversed upon the appeal of Mary H. Atcherley (*In re Lewers & Cooke, Ltd.*, 18 Haw. 625; 19 Haw. 47), the court of land registration entered a decree denying the petition for registration. After entering the decree the judge of the court of land registration prepared and certified a statement of facts of the case. The appeal of the petitioner from the decree was submitted upon the briefs filed on the previous appeal, but counsel for Mrs. Atcherley interpose a motion to dismiss the appeal and a motion to strike the statement of facts from the files.

We see no ground for striking the statement of facts from the files. While it has been held that the circuit judges may refuse to make findings of fact (*Waialua Agricultural Co. v. Oahu Railway and Land Co.*, 18 Haw. 81, 87), and the same is true of the court of land registration, yet the making and filing of such statements, whether done formally at the request of either party or embodied in the opinion of the court or judge, is frequently done as a matter of practice and is of material assistance to the appellate court. In jury waived cases particularly it some times happens that the decision is so brief as to afford no clew as to the matters of law and fact passed upon, and that it is possible to support the decision upon a view of the facts which, while sustained by some of the evidence, is so completely contradicted by other testimony that it was in all probability not the real ground for the decision. The appellate court, while satisfied that in all probability the decision was based upon a true view of the facts and an erroneous application of principles of law, is obliged to sustain the decision because there is some testimony to support an improbable view of the facts. We do not wish to discourage the practice of the trial courts in indicating either in their opinions or in separate find-

ings the principal questions of law and fact passed upon. It would be better practice to have findings filed prior to or contemporaneously with the decree, but we do not consider this material if they are filed before the record is sent to the supreme court. As to the point that the filing of such a statement in connection with a second appeal tends to render uncertain grounds of the decision heretofore rendered it would be observed that on appeal the whole record is before us and the statement of facts is merely an aid and not binding if contradicted in any particular by the rest of the record. The remarks in *Hutchins v. Bierce*, U. S. Supreme Court advance sheets, December 14, 1908, were relative to a case pending on bills of exceptions, where the entire case is not before the appellate court but the appellate court is confined to questions of law presented by the bill of exceptions and the record therewith.

The motion to dismiss the appeal is based upon the ground that the present decree was entered in conformity with the previous opinion of this court with no new trial or evidence, and that the points of law raised by the appeal were all decided at the former hearing.

While it is true that no new points were suggested by counsel the court did not consider itself at liberty to overlook the fact that under the present decree the petition, although covering land not in controversy, was denied in toto, and requested further argument on that point. Irrespective of the decision on this question the existence of a new point available to the petitioner on its appeal is fatal to the motion to dismiss.

Passing to the merits of the case, it will be observed that the first decree of the court of land registration was reversed and the case remanded for further proceedings in conformity with the opinion of this court. *In re Lewers & Cooke, Ltd.*, 18 Haw. 625, 640. The recital in the present decree that this court ordered that a final decree be entered by the court of land registration denying the petition to register that portion of the lands

described in the petition by Mary H. Atcherley is erroneous. We did not prescribe the form that subsequent proceedings should take, particularly in view of the fact that Mrs. Atcherley had attached to her answer a cross petition that a registered title be granted to her as to the part she claimed. The court in the present case, however, did not stop with the construction thus put on our former decision but, without ordering a severance under R. L. Sec. 2417, denied the entire petition. In spite of the failure of counsel to press the point we do not think the decree should stand in this form. If the denial of the petition is final and binding as to the portion claimed by Mrs. Atcherley it might be held equally conclusive against the right to a registered title to the portion not in controversy. The decree should be modified by correcting the erroneous recital and by making the denial of the petition without prejudice to the right to obtain a registered title to the portion of the land not covered by Mrs. Atherley's claim. Under the circumstances of the case this decree may be entered in this court. *Hind v. Wilder's Steamship Co.,* 13 Haw. 174.

Decree accordingly.

*D. L. Withington* and *R. B. Anderson* (*Castle & Withington* and *Kinney, Marx, Prosser & Anderson* on the brief) for Lewers & Cooke.

*L. A. Dickey* and *E. M. Watson* for Mary H. Atcherley.