Kahai v. Yee Yap, 20 Haw. 192.

## MARY KAHAI v. YEE YAP.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JULY 1, 1910.                    DECIDED JULY 7, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER
IN PLACE OF HARTWELL, C.J.

COURTS—opinions—written statement of reasons.

> The provision of R. L., §1747, as amended by Act 117 of the
> Laws of 1909, relating to a statement of the reasons for the de-
> cision of the trial court in jury waived cases is mandatory and the
> failure to comply therewith is reversible error.

### OPINION OF THE COURT BY PERRY, J.

This is an action to quiet the title to a piece of land situated
in the City of Honolulu. Judgment was for the defendant.
Of the plaintiff's exceptions all have been expressly abandoned
save those which were taken to the decision and the judgment
on the ground that they were contrary to the law and the evi-
dence and the weight of the evidence, and under these exceptions
the only points argued are that the evidence was insufficient to
support a judgment for the defendant and that the decision
and judgment cannot stand because the decision, although in
writing, does not set forth the trial court's reasons therefor.

The decision, after reciting the facts of the appearance of
counsel for the respective parties and of due trial having been
had, continues: "The court having heard the evidence adduced
and the argument of counsel and being fully advised in the
premises finds that Mary Kahai, plaintiff above named, is not
entitled to the relief prayed for in the amended complaint here-
in and therefore gives judgment in favor of defendant and
against the plaintiff, with costs taxed in the sum of $41.85.
Let judgment be entered accordingly." Cases may arise in
which it is difficult to determine whether the written decision
contains a sufficient statement of the reasons leading to the con-

clusion reached, but in this instance there can be no doubt that no reasons are stated. Nothing but the bare legal conclusion and order is set forth. The statute on the subject, R. L. §1747, as amended by Act 117 of the Laws of 1909, reads in part as follows: "Decision by court in writing. In such case the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor." This provision is mandatory with reference not only to the fact of the decision being in writing but also to the statement of the reasons. There is good ground for such a requirement. As was said in the case entitled *In Re Lewers & Cooke, Ltd.,* 19 Haw. 334, 335, "The making and filing of such statements  *  *  * is of material assistance to the appellate court. In jury waived cases particularly it some-times happens that the decision is so brief as to afford no clew as to the matters of law and fact passed upon, and that it is possible to support the decision upon a view of the facts which, while sustained by some of the evidence, is so completely con-tradicted by other testimony that it was in all probability not the real ground for the decision. The appellate court, while satisfied that in all probability the decision was based upon a true view of the facts and an erroneous application of prin-ciples of law, is obliged to sustain the decision because there is some testimony to support an improbable view of the facts." It is not without significance that the act of 1909, adding the requirement of a statement of reasons, was passed very shortly after the filing of the opinion in the *Lewers & Cooke* case. Whether the decision under consideration is void by reason of the omission referred to we need not say. It is at least voidable and the present is a direct attack. The omission constitutes reversible error.

It is unnecessary, however, to order a new trial. No error now relied upon is claimed to have occurred prior to the ren-dition of the decision. It will be sufficient, reversing the judg-

ment, to remand the case for entry of a decision which will comply with the requirements of the statute. This was the course followed in *Maalo* v. *Kaiapa,* 11 Haw. 705. See also Revised Laws, §§ 1867 and 1630. But we are not to be understood as intending to place upon the trial court limitations as to procedure which would not exist if the case were now before it for the first time for decision. Upon being remanded, the case will stand in the same condition as it was in originally upon the close of the evidence. The trial court may now, as then, upon application of either party or of its own motion, admit further evidence if in its opinion the interests of justice shall so require. If, as suggested at the argument in this court, the decision below was solely on the ground that there was not sufficient evidence upon which to base a finding as to the precise location of the land involved, the trial court itself may well desire to call for further evidence upon the point and of course should do so if the ends of justice require it. If the title is in the plaintiff it should not be permitted to be lost for mere insufficiency of evidence which is obtainable, if it is obtainable.

The exceptions are sustained, the decision and judgment set aside and the cause remanded for the entry of a decision in accordance with the provisions of Act 117 of the Laws of 1909, without prejudice, as above stated, to the right of either party to apply for leave to introduce, or of the court to request or admit, further evidence, and without prejudice, also, to the right of either party to take exceptions to such decision when rendered, or to the right of the plaintiff, if she shall be the appellant, to incorporate in her new bill of exceptions the exceptions already noted at the trial.

*W. C. Achi* for plaintiff.

*J. Lightfoot* for defendant.