TOKINO YOSHIURA *v.* M. SARANAKA.

No. 1015.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED MAY 21, 1917.                    DECIDED JUNE 2, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

TRIAL—*evidence—cross-examination of witness.*

   While the trial court may permit the defendant on cross-examination of a witness to go into the merits of his defense by inquiring into matters not testified to by the witness on direct examination, it is better practice not to permit him to do so.

APPEAL AND ERROR—*stating reasons for decision.*

   A general finding that plaintiff should recover a certain sum of money from defendant and that defendant has failed to make out his alleged defenses of want of consideration and set-off or counter-claim and that plaintiff has established her case as alleged in her complaint by a preponderance of the evidence does not comply with the provisions of section 2380 R. L. which requires the trial court in a jury-waived case to state in its decision the reasons therefor, and the failure to state such reasons is reversible error.

OPINION OF THE COURT BY QUARLES, J.

This is an action in assumpsit upon a promissory note for $315 given by defendant to the plaintiff. The answer sets up the defense of want of consideration for the note, and the defendant, by way of counter-claim, declares upon the general count for goods, wares and merchandise sold and delivered by the defendant to the plaintiff of the value of $700, which, defendant alleges, the plaintiff promised to pay, but has wholly failed so to do after demand, wherefore defendant prays judgment over against the plaintiff for the sum of $700 with legal interest. The trial court made no special findings of fact but found in favor of the plaintiff generally as follows, quoting from the decision: "I am of the opinion that the plaintiff should recover of and from the defendant the sum of Three Hundred Fifteen and no/100 ($315.00) Dollars, together with interest thereon at the rate of 8% from the 10th day of February, 1913, to the date of judgment herein, and I do so find from the evidence and I further find from the evidence that defendant has failed to make out his alleged defenses of want of consideration and set-off or counter-claim and the plaintiff has established her case as alleged in her complaint by a preponderance of the evidence."

The cause comes here upon exceptions, the first four of which are to rulings of the court in refusing, on cross-examination of the plaintiff, to permit the defendant to go into the merits of his defense and counter-claim. The court was acting within its proper discretion in this regard. While the trial court may permit the defendant, on cross-examination of a witness, to go into the merits of his defense by inquiring into matters not testified to by the witness on direct examination, it is better practice not to permit him to do so. The first four exceptions are overruled.

The fifth exception is to the action of the trial court in refusing to admit in evidence a certificate of the marriage between plaintiff and defendant which antedated the

transactions involved.  This was error.  The defense was want of consideration based on the proposition that there was no consideration for the note as it grew out of a contract between the parties during coverture.  The marriage certificate was competent evidence but as both parties testified to the marriage relation and the record of a divorce granted the defendant from the plaintiff in 1912 was admitted in evidence this error was not prejudicial.

The remaining exception necessary to be considered is to the decision of the court finding in favor of the plaintiff and to the decision finding against the defendant upon his counter-claim.  The facts which the evidence tends to prove may be summarized as follows: Plaintiff and defendant were husband and wife and lived together as such for many years.  In August, 1911, the plaintiff returned from Japan where she had been visiting, and, according to her testimony, upon her return she paid or turned over to the defendant, her husband, with whom she was living, $315 which she had borrowed from her brother in Japan.  The defendant, while testifying as a witness, denied receiving this or any money from the plaintiff, but testified that the plaintiff brought with her considerable dress goods which she sold, retaining all the money from such sales, none of which came into his hands.  The defendant (the husband) sued plaintiff for a divorce, and in May, 1912, a decree of divorce was granted in the circuit court of the first judicial circuit, Territory of Hawaii, the same to become effective June 1, 1912. There was born to plaintiff and defendant a daughter who, at the time of the decree, was about five years of age. The decree is silent as to the care and custody of this infant child.  By an arrangement, after the parties were divorced, the mother retained the care and custody of the child and defendant claims to have turned over to her a store of the value of $700 with the agreement that plaintiff would support their infant daughter out of the proceeds of the store,

but if she ceased to do so or remarried the store was to revert back to him. After the last transaction mentioned the plaintiff was married to another person, whereupon defendant demanded the return of the store, or in lieu thereof payment of the sum of $700, which was refused. Soon after this the plaintiff commenced the present action.

It is argued on behalf of the defendant that the transaction between the parties during coverture, as regards the $315, constituted a loan and was therefore a contract, either express or implied, between husband and wife, and as such prohibited by law and void, and the same is not a consideration which will support the note sued on in this action.

By the statutes of the Territory of Hawaii a married woman may contract with all persons as if feme sole except she cannot contract with her husband.

It is urged on behalf of the plaintiff that the money which she furnished the defendant was of her separate estate and therefore the defendant was liable to her for the same in equity, and that this equitable obligation is a sufficient consideration for the note sued on. We will not discuss these conflicting theories for the following reasons: A very careful consideration of the record in this case shows that the evidence is not sufficient to show a loan by the plaintiff to the defendant in 1911. The plaintiff testified that she returned from Japan in August, 1911, and "paid" or "turned over" to the defendant, her husband, $315 which she had borrowed in Japan. The defendant denies positively that the plaintiff delivered to him this money or any other money, hence, under the evidence, if the plaintiff's evidence be accepted as correct, the money may have been delivered to the defendant either as a gift or as a loan. If as a loan the question of its validity would arise, and if the contract was void as between the parties then it would be necessary to pass upon the question as to whether or not the plaintiff's theory of an equitable obligation is correct. But if the

transaction did not occur at all, as claimed by defendant, or if it did occur and the money was given by the plaintiff to the defendant as a gratuity then the question as to whether or not a past consideration under such circumstances would be sufficient consideration for the note given by the defendant to plaintiff after discoverture would arise.

The exception to the decision is that it is against law, against the evidence and against the weight of the evidence. The decision does not state the grounds upon which it is based, as required by section 2380 R. L., and this is true also of the decision in so far as it relates to the defendant's counter-claim or set-off. The failure to state such reasons is reversible error (*Kahai* v. *Yee Yap,* 20 Haw. 192).

The sixth exception is sustained and the cause remanded to the circuit court with instructions to set aside the judgment and grant the defendant a new trial.

*C. S. Davis* for plaintiff.

*J. B. Lightfoot* (*Lightfoot & Lightfoot* on the brief) for defendant.