### KOJIRO SASAKI *v.* ISEMATSU NAKAMURA.

### No. 1344.

EXCEPTIONS FROM CIRCUIT COURT THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

SUBMITTED SEPTEMBER 27, 1921.     DECIDED OCTOBER 1, 1921.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE BANKS
IN PLACE OF COKE, C. J., ABSENT.

TRIAL—*dismissed or nonsuit.*

In an action on an account stated the defendant having in his answer admitted that an account was stated as alleged except that it was for a larger amount than claimed by plaintiff it was unnecessary for plaintiff to prove his allegation of an account stated and a motion for a nonsuit on that ground was properly overruled.

COURTS—*decision in jury-waived case.*

In a jury-waived case the court shall hear and decide the

cause both as to the facts and the law and its decision shall be rendered in writing stating its reasons therefor. The failure to state such reasons is reversible error.

### OPINION OF THE COURT BY KEMP, J.

Action in assumpsit upon an account stated for $864.75, with prayer for judgment in that amount. The answer, omitting formal parts, is as follows: "Comes now Isematsu Nakamura, the defendant herein, and for answer to the plaintiff's complaint herein, admits that an account was stated by and between the plaintiff herein and the defendant herein on or about the 11th day of October, 1920, and denies the truth of each and all of the other facts set forth in said complaint, and further alleges: that upon such stating of account the sum of $869.75 was found to be due and owing from the defendant to the plaintiff; that he, the defendant, on or about the said date of October 11th, 1920, paid to the plaintiff the said sum of $869.75 in full payment and satisfaction of said indebtedness." After trial, jury-waived, the following decision in writing was rendered and filed: "The above named cause having come duly and regularly on for trial on the 30th day of April, 1921, and the parties being at issue to the court, sitting without a jury, before the judge of this court; said plaintiff being represented by H. G. Middleditch, Esq., and said defendant by Wm. H. Beers, Esq., and the court having heard and considered the testimony offered and the arguments of counsel thereon, and now being fully advised in the matter; it is adjudged and decreed that said plaintiff recover from said defendant the amount of $269.75, with interest thereon at 8% from the 10th day of October, 1920, together with attorney fees and commissions and costs of court. And it is ordered that the clerk of this court do enter judgment in favor of the said plaintiff and against the said defendant in conformity herewith." Judgment was entered as therein ordered and the defendant brings exceptions.

The first exception is to the refusal of the court to grant defendant's motion for a nonsuit made at the close of plaintiff's case, the sole ground of said motion being that plaintiff had failed to prove an account stated. The exception is without merit. Defendant expressly admitted in his answer that an account had been stated as alleged except that it was for a larger amount than claimed by plaintiff. In view of this admission it was unnecessary for plaintiff to prove his allegation of an account stated.

The second exception is to a question propounded to plaintiff by his counsel when he was recalled for the purpose of rebuttal. Said question was: "How and when did you pay this $94.55 balance?" This question was objected to on the ground that it was not proper rebuttal, which objection was overruled. We find no merit in this exception. The allowance of a single question in rebuttal which should properly have been asked while presenting the case in chief would rarely be held to be an abuse of the discretion which the circuit judge exercises in controlling the order in which the proof shall be offered.

The third and fourth exceptions are to the decision and the judgment on the ground that they are "contrary to the evidence, the weight of the evidence, and to the law applicable thereto." The only argument which need be noticed under these exceptions is that the decision is not in accordance with the law because it neither states facts nor gives reasons why plaintiff should recover from defendant the amount stated therein. In a jury-waived case the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor. (Sec. 2380 R. L. 1915.) The failure to state such reasons is reversible error. (*Kahai* v. *Yee Yap,* 20 Haw. 192; *Yoshiura* v. *Saranaka,* 23 Haw. 761; *Waianae Co.* v. *Kaiwilei,* 24 Haw. 1.)

A case might arise in which it would be difficult to deter

mine whether the written decision contained a sufficient statement of the reasons leading to the conclusion reached but with the decision in this case there is no such difficulty for there can be no doubt that it contains no reasons for the conclusion reached.

The exception to the decision as contrary to the law must therefore be sustained and it is so ordered.

*H. G. Middleditch* for plaintiff.

*W. H. Beers* and *I. M. Stainback* for defendant.