ROBERTO ORTEZ *v.* JOHN BARGAS, ALIAS JOHN
BARGAS DE JESUS.

No. 1721.

ERROR TO CIRCUIT COURT FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED DECEMBER 17, 1926.                    DECIDED JANUARY 4, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

BONDS—*common-law seal.*

An obligation in writing for the payment of money, which bears
upon its face, opposite the signature of the obligor, a small cir-
cular mark in ink without anything to indicate that it was in-
tended by the obligor as his seal, is not a sealed instrument under
the common law.

SAME—*absence of seal.*

Such an instrument, having no seal attached, is not, in the
absence of statutory provision, a sealed instrument within the
meaning of the common law, although it purports to have been
given under the seal of the obligor.

CONTRACTS—*instruments not under seal—want of consideration.*

It is a good defense to an unsealed obligation for the payment
of money that it was given without consideration.

TRIAL—*decisions in jury-waived cases—statement of reasons.*

When as in this case the issue of fact is whether the instru-
ment sued on was without consideration, the reason given by the
trial judge in his written decision that "considering all the
evidence, I think it is clearly shown that there was no consid-
eration for the instrument sued on" fulfills the requirements of
section 2370, R. L. 1925.

APPEAL AND ERROR—*assignments of error.*

An assignment of error that the court erred in entering judg-
ment against the plaintiff for costs and attorney's commissions in
a certain sum is too general to bring to the attention of this
court specific items of costs included in said sum, which items the
plaintiff claims in his brief were improperly allowed.

OPINION OF THE COURT BY BANKS, J.

This case comes here on writ of error. The plaintiff below brought an action in the circuit court of the fourth circuit against the defendant below on an instrument in writing, described in the complaint as follows:

"Know all Men by these Presents: That I, John Bargas, of Laupahoehoe, North Hilo, County and Territory of Hawaii, am held and firmly bound unto Roberto Ortiz, of Honomu, Hilo, Hawaii, T. H. in the sum of six hundred dollars, lawful money of the United States of America, to be paid to the said Roberto Ortiz, his executors, administrators, or assigns, for which payment, well and truly to be made, I bind myself, my heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with my seal. Dated the 13th day of Dec. A. D. 1918.

"The condition of this obligation is such:

"That if the above-bounden John Bargas, his heirs, executors, or administrators, shall well and truly pay, or cause to be paid, unto the above-named Roberto Ortiz, his heirs, administrators or assigns, the just and full sum of, ($600.00) six hundred dollars, within three years from date hereof, without interest, without fraud or other delay. Then the above obligation to be void, otherwise to remain in full force.

"(Sgd.) John Bargas.

"Sealed and delivered
in presence of
          "(Sgd.) E. S. Capellas

"Territory of Hawaii ⎫
                     ⎬ ss.
Fourth Judicial Circuit ⎭

"On this 13th day of December, A. D. 1918, before me personally appeared John Bargas, to me known to be the person described in and who executed the foregoing instrument and who acknowledged to me that he executed the same as his free act and deed.

"(Sgd.) E. S. Capellas
"Notary Public,
"4th Circuit, T. H."

The defendant filed an answer denying in general terms the allegations of the complaint. At the trial of the case, jury-waived, the plaintiff introduced in evidence an instrument in writing bearing the defendant's signature. This instrument conforms in all respects to that described in the complaint except that on it there appears a small circular mark in ink less than 3/16 of an inch in diameter and more than an inch to the right of and opposite the defendant's signature. The space enclosed by this circular mark is entirely blank. No copy of such a mark appears on the instrument described in the complaint. The defendant in his testimony admitted the execution of the instrument. His defense is that the instrument was without consideration and therefore under the law unenforceable. Upon this issue evidence was adduced. The court decided in favor of the defendant and judgment was accordingly entered. The plaintiff moved for a new trial on several grounds. The motion was denied. The case was thereupon brought to this court for review.

It is the contention of the plaintiff that the instrument sued on is an instrument under seal and hence is conclusively presumed to have been given for a valuable consideration. The admission, therefore, of evidence tending to show that it was without consideration is assigned as error. In support of his contention the plaintiff invokes the common-law doctrine that instruments under seal import, so far as consideration is concerned, absolute and uncontestable verity. Before this doctrine can be applied it must first be determined whether the instrument in question is under the seal of the party sought to be charged. Many of the States have by statute defined the term "seal" in its relation to written instruments. In such States, when there is affixed to the instrument a device which complies with the statutory requirements, it is universally held to be an instrument under seal. There

is in this jurisdiction no statutory definition of private "seals" and we must look to the common law for a definition. If, therefore, the instrument upon which this action was brought is to be granted the immunity from attack claimed for it by the plaintiff it must bear the kind of seal required by the common law.

"At common law a seal is an impression upon wax or wafer or some other tenacious substance capable of being impressed." 35 Cyc. 1167. Lord Coke's definition is: "Wax with an impression." Webster defines a seal to be wax affixed to a letter, or instrument, and impressed with a seal; also wax, wafer or other adhesive substance which closes a letter or other paper; that which confirms or secures confirmation, authentication, attestation.

We know of no precedent for the plaintiff's claim that the insignificant blank circle opposite and more than an inch distant from the defendant's signature to the instrument in question is the equivalent of a common-law seal. It certainly is insufficient to place this instrument in the class which by the common law was rendered well-nigh invulnerable.

It is also contended by the plaintiff that even though it should be held that the circular ink mark is not a seal the instrument is nevertheless a sealed instrument because it contains the statement "sealed with my seal." In some of the States instruments containing such expressions are by statute declared to be sealed instruments although no seal is actually affixed. In the absence of statute such recitals are not in themselves sufficient to constitute an instrument under seal and do not dispense with the necessity of the seal itself. Corpus Juris, Vol. 9, p. 14, states the rule as follows (citing cases) : "As a general rule, in the absence of statute providing otherwise, a seal is of the essence of a bond, and no writing can have the qualities which attach to a bond without the

seal of the party executing it, and in the absence of a seal an instrument will not be construed as a sealed bond, although there is a recital in the body thereof that the obligors .and parties have set their hands and seals thereto." See also *City of Providence* v. *Goldenberg,* 117 Atl. (R. I.) 225, 227.

As has been foreshadowed our conclusion is that the instrument involved in the present action is not an instrument under seal. We do not wish to be understood by the foregoing discussion to intimate that even if it were under seal it would not be open to attack on the ground that it was without consideration. Upon this question it is not necessary for us to express an opinion.

Notwithstanding the above conclusion it is the contention of the plaintiff that it was none the less error to admit evidence of want of consideration. With this contention we cannot agree. The controversy is between the payee and the maker of the instrument. There is no question of the rights of third parties nor is there any suggestion that the defendant subsequent to its execution has done anything that estops him from showing that his promise was without consideration. The rights and liabilities of the parties are similar to those of the maker and payee of an ordinary promissory note. It has too long been the law to be now questioned that in the absence of an estoppel a want or failure of consideration for a promissory note constitutes a good defense in an action between the original parties thereto. This is true even though the consideration is expressed in the note or is expressly acknowledged by the words "value received." It is unnecessary to cite authorities in support of this well recognized and frequently applied principle. They are collated in the eighth volume of Corpus Juris at page 744. See also *Grimes* v. *Walker,* 1 Haw. 21. There was no error in admitting evidence·of a want of consideration.

The plaintiff also assigns as error the overruling of his motion for a new trial. The first ground of the motion is that the court's findings of fact were contrary to the evidence. The vital issue of fact in the case was whether there was any consideration for the instrument sued on. On this issue the trial court found in favor of defendant. The case being here on writ of error we cannot review the evidence except for the purpose of determining whether there is some substantial evidence, more than a mere scintilla, sufficient to support the findings of the trial court. The defendant's testimony tends to show that the instrument sued on was a gift to the plaintiff and that there was no consideration for its execution. Manuel Gonsalves, Jr., a witness called on behalf of the defendant, testified that on one occasion the plaintiff exhibited to him the instrument in question and said, "I helped this boy" (meaning the defendant); "if it was not for me he would not own a homestead today. Just lately we made some kind of arrangements for him to make me a present of $600 * * * provided he make some money on the crop." The plaintiff testified in chief and in rebuttal. In rebuttal he testified that he did not tell the witness Gonsalves that the instrument was given as a present. It is quite significant that he did not at any time testify what the consideration for the instrument was. One E. S. Capellas, a witness in rebuttal for the plaintiff, testified that he was the notary who prepared the instrument and before whom it was acknowledged. He further testified that at the time the defendant affixed his signature he stated that he owed that sum of money to the plaintiff. There was certainly substantial evidence, more than a scintilla, to justify the findings of the circuit judge.

Another ground of the motion is that the court erred in not stating its reasons of facts and law for its decision

giving judgment for the defendant and against the plaintiff. The written decision of the trial court is as follows:
"Findings of Facts and Conclusions of Law.

"The defendant executed and delivered to plaintiff the instrument sued on, which instrument called for the payment to plaintiff of $600.00 without interest within three years from the date thereof. The defendant answered by a general denial and on the trial offered evidence of want of consideration. Considering all the evidence, I think it is clearly shown that there was no consideration for the instrument sued on.

"Therefore, judgment is given against the plaintiff and in favor of the defendant, together with costs."

Referring to jury-waived cases, section 2370, R. L. 1925, provides as follows: "In such case the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor." In *Woods* v. *Rapozo,* 27 Haw. 20, this court said at page 23: "That no standard by which the sufficiency of the reasons assigned for the court's decision may be measured is provided by the statute is immaterial. However informally expressed the determination, opinion or conclusion of the court upon the facts and law alleged by the pleadings and necessary to sustain the cause of action or defense constitutes the 'reasons' for the ultimate decision and is a compliance with the statute." Keeping in mind the contested issue of fact before the trial judge the reason given by him, in his written decision, for his finding that there was no consideration for the instrument in question is sufficient.

The sixth assignment of error is that the court erred in entering judgment against the plaintiff for costs and attorney's commissions in the sum of $66.30. This assignment is too general for consideration. If it were claimed that all the costs were improperly taxed against the plaintiff the assignment might be sufficient to present that

question.   This, however, is not the plaintiff's contention. He does not dispute that some of the items were properly taxed but claims in his brief that others were improperly taxed.   In order, therefore, to secure our consideration of what, in his brief, he claims was error, namely, taxing an item of $18.10 for a postponement of the trial and $12.10 for mileage and attendance of the defendant, he should have specified the error in his assignments.   In *Zen* v. *Koon Chan*, 27 Haw. 369, 372, this subject is fully discussed and the views of this court stated.

We have examined all the assignments of error and find them without merit.   The judgment of the lower court is affirmed.

*D. E. Metzger* for plaintiff in error.

*J. W. Russell* for defendant in error.