FRANK J. LEMES AND MARY GOUVEIA LEMES *v.* SOCIEDADE LUSITANA BENEFICENTE DE HAWAII.

No. 2028.

ARGUED AUGUST 29, 1932.          DECIDED SEPTEMBER 21, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon plaintiffs' motion to dismiss defendant's writ of error for alleged insufficiency in defendant's twenty-three assignments of error in support of said writ.

Assignment number one is that "the court erred in denying defendant's motion for a directed verdict at the close of plaintiffs' case." Defendant's counsel now admits that there was no motion for a directed verdict at the close of plaintiffs' case. This assignment therefore need not be considered.

Assignments two and three are as follows: Assignment two: "The court erred in refusing to permit the witness Osorio to testify as to the cause of death of George Lemes." Assignment three: "The court erred in refusing to receive in evidence a certified copy of the certificate of death of George Lemes." The insufficiency of each of the two assignments last above quoted is urged in plaintiffs' motion to dismiss the writ upon the grounds: "That it fails to identify the evidence excluded; the objections made to its admission; the ruling of the court and/or that an exception was alleged to said ruling." By analogy a former ruling of this court as to bills of exceptions applies: "The statement in the bill of exceptions that 'the learned judge improperly admitted the records in a former case,' is insufficient. Not only is it too vague but it does not show that any objection was made at the trial to the admission of the evidence or that any exception was taken thereto or, if taken, allowed." *Fraga v. Portuguese Mutual Benefit Society*, 10 Haw. 128, 129.

Where the errors complained of have not been squarely presented by the bill of exceptions it has been the practice of this court to refuse to consider them. See *Ripley & Davis* v. *Kapiolani Estate,* 22 Haw. 507, 508, 509, *Scott* v. *Kona Development Co.,* 21 Haw. 258, 263, and *Kapela* v. *Gilliland,* 22 Haw. 655, 659, all cited with approval in *Zen* v. *Koon Chan,* 27 Haw. 369, 374. The case last above cited was brought to this court upon writ of error and in it the prevailing opinion expressly recognized the analogy in the particular above named between the requirements of bills of exceptions and those of assignments of error. Particularly with reference to writs of error this court has held that "each specification of error, like a paragraph or count of a pleading, must be single, clear, certain and complete in itself." *Zen* v. *Koon Chan, supra,* p. 373, and *Nawahi* v. *Trust Co.,* 31 Haw. 958, 974, quoting with approval 2 Ency. Pl. & Pr. 938.

Act 42, L. 1931, amending sections 2519 and 2536, and repealing section 2524, R. L. 1925, provides in part as follows: "Nor shall there be a reversal in any term case * * * for any alleged error in the admission or rejection of evidence * * * unless such alleged error was made the subject of an exception noted at the time it was committed." This provision applies to cases in this court, whether upon bill of exceptions or writ of error; and a bill of exceptions or assignment of error which failed to show that such alleged error had been made the subject of an exception so noted would be defective. Assignments two and three are defective in this and in other respects pointed out as above specified in plaintiffs' motion to dismiss the writ of error, and under authority of the cases above cited and for the reasons quoted therefrom, said assignments two and three are not considered.

Assignment four is that "the court erred in denying defendant's motion for a directed verdict made after all

evidence had been received." The grounds for the motion for a directed verdict are not set forth in the assignment either directly or by reference to the transcript or record; nor do they appear in the transcript or record. The assignment brings to our attention nothing from which we can determine whether or not the trial court erred in so denying defendant's motion. The authorities herein-after cited in support of our rulings upon assignments twenty-one and twenty-two apply by analogy to assignment four, which, for the reasons therein set forth, will not be considered by this court.

Assignments five to sixteen inclusive allege error in the giving of plaintiffs' requested instructions three, four, five, six, eight, nine, ten, twelve, thirteen, fourteen, seventeen and eighteen; and assignments seventeen to twenty inclusive allege error in the refusing of defendant's requests for instructions numbered one, three, four and eight. No instruction or request in the words used or in effect is set forth in any of the assignments, either directly or by reference; and none is called for by the praecipe or included in the record before us; nor does any assignment apprise us of the ground upon which the giving or refusal of any instruction is claimed to be error. Assignments five to twenty inclusive present nothing, but the matter of their own insufficiency, which requires the consideration of this court.

Assignment twenty-one is that "the court erred in denying defendant's motion for a new trial." "The assignment is too general to be available to the plaintiff," as was specifically determined in *Smith* v. *Laamea,* 29 Haw. 750, 760. Quoting from the syllabus of the case last above cited: "An assignment that the trial court erred in denying a motion for a new trial, which does not specify in what respect the court so erred, is in-sufficient and does not call for consideration by the

appellate court."

Assignment twenty-two is that "the court erred in entering judgment herein in favor of the plaintiffs and against defendant." Like assignment twenty-one this assignment is too general. That such an assignment is insufficient is now too well settled by judicial precedent in this jurisdiction to require further review. Reference is made to the cases of *Zen* v. *Koon Chan, supra,* and *Ortez* v. *Bargas,* 29 Haw. 548. In *Zen* v. *Koon Chan, supra,* the assignments went one step beyond number twenty-two above set forth. In that case one assignment averred "that the verdict in said cause is contrary to law" and another "that the judgment in said cause is contrary to law." Said the court in its opinion (pp. 372, 373): "A statement that a verdict or a judgment 'is contrary to law' is too general and vague to serve the purpose mentioned or to satisfy the statutory requirement. It does not definitely indicate to the opposite party or to the court what the precise error is which is relied upon. Under the charge that a verdict is 'contrary to law' it is possible to conceive of any one or more of a large number of possible errors as constituting the ground of attack on the verdict. What point or points are relied upon to set aside the verdict should not be left to mere surmise or to an exhaustive study of the record as a whole. The statute contemplates clear and definite information on the subject from the plaintiff in error at the time of suing out the writ. * * * 'It will generally be entirely insufficient to merely allege that the judgment or decree is contrary to the law and evidence, or not supported by the law and evidence, without designating the particular defects,' " citing 2 Ency. Pl. & Pr. 955. Following the rule adopted in the foregoing opinion and in precedents therein cited this court held in *Ortez* v. *Bargas, supra* (quoting from

the syllabus) : "An assignment of error that the court erred in entering judgment against the plaintiff for costs and attorney's commissions in a certain sum is too general to bring to the attention of this court specific items of costs included in said sum, which items the plaintiff claims in his brief were improperly allowed." Under authority and for the reasons above quoted from *Zen* v. *Koon Chan* and *Ortez* v. *Bargas,* assignment twenty-two in the case at bar will not be considered.

Assignment twenty-three is that "the court erred in ruling that it was not necessary for plaintiffs to exhaust their remedies provided by the laws of the defendant society before resorting to the courts of the land." How this question was raised, whether upon objection, motion, exception or otherwise the assignment does not disclose and the transcript and record before us show no such ruling. Because of the insufficiency of the assignment in the particulars above named the same is not considered.

For the reasons above set forth the motion to dismiss the writ of error is granted.

*J. V. Hodgson* (*E. C. Peters* with him on the briefs) for the motion.

*O. P. Soares* (also on the brief) contra.