## CLOTILDE A. ANGCO *v.* VICTOR F. ANGCO, BANK OF HAWAII, GARNISHEE.

### No. 2171.

ARGUED APRIL 11, 1935.         DECIDED MAY 2, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an action in assumpsit tried jury-waived and predicated on a complaint containing four counts which are summarized in the decision of the trial judge. The only answer which appears in the record is a general denial. The circuit judge found for the plaintiff on the first

three counts and entered judgment in the total amount of $1200 together with interest and costs. On the fourth count he found for the defendant and entered judgment accordingly. The plaintiff has not appealed. The defendant has brought the case to this court on a bill of exceptions.

The first exception which we will consider is number eight which challenges the sufficiency of the judge's decision in so far as it is against the defendant on the issues presented by the pleadings. The pertinent portions of the decision, which is in writing, are as follows: "This action was duly filed in the above entitled court on the 8th day of January, 1934. The action is in four counts. The first count alleging a contract of employment between the plaintiff and defendant for editing a Filipino newspaper in the City and County of Honolulu, Territory of Hawaii, called the Co-operative News Monthly magazine, under which contract the plaintiff claims to be entitled to a monthly salary of fifty dollars ($50.00) a month. The second count covers the same claim as the first count but is alleged in accordance with an action of debt for the entire amount which is in the sum of eleven hundred dollars ($1100.00) for the editing of the Co-operative News Monthly magazine for a period of twenty-two (22) months. The third count is for the sum of one hundred dollars ($100.00) alleged by the plaintiff to have been turned over to the defendant for safe keeping. And the fourth count is based upon an alleged agreement between the plaintiff and defendant for services performed by plaintiff for defendant as a house servant and for the total sum of four hundred and twenty dollars ($420.00). After issue joined, this cause came regularly on for hearing, jury waived, before the above entitled court and evidence was adduced on behalf of plaintiff and defendant and the cause was finally submitted for decision on the 18th day of April, 1934.

And the court finds from the evidence that the allegations of counts one, two and three of said complaint substantiated by preponderance of the evidence. * * * It is the decision of this court that plaintiff have judgment against the defendant on the first count of the complaint for editing the Co-operative News Monthly magazine for the period of twenty two (22) months at fifty ($50.00) dollars a month commencing January, 1932, and ending October, 1933, both months inclusive, together with interest thereon from the first day of November, 1933. That plaintiff recover the sum of one hundred ($100.00) dollars from the defendant for the money given by plaintiff to defendant on August 17, 1931, for safe keeping together with interest thereon, and that plaintiff have judgment for costs herein."

It is the defendant's contention that the trial judge did not state the reasons for his decision as is required by section 2370, R. L. 1925 (now § 4102, R. L. 1935). That section provides that "in such case [jury-waived] the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor."

Before considering the decision we think it will serve a useful purpose to review the cases which have been decided by our own court on the subject. It is obvious that the "reasons" should be more fully stated in some cases than in others; that is to say, whether the "reasons" are sufficiently stated depends upon the nature of each particular case. It is evident that no hard and fast rule can be laid down. The cases bearing on the question may, however, be classified as follows: (1) Those in which the trial judge has clearly failed to state any "reasons" in his decision (*Kahai* v. *Yee Yap,* 20 Haw. 192; *Waianae Co.* v. *Kaiwilei,* 24 Haw. 1; *Sasaki* v. *Nakamura,* 26 Haw. 178); (2) those in which the trial judge has attempted to state

"reasons" but has failed to state them with sufficient definiteness to meet the requirements of the statute (*Yoshiura* v. *Saranaka,* 23 Haw. 761; *Woods* v. *Rapozo,* 27 Haw. 20); (3) those in which the decision of the trial judge contains a sufficient statement of "reasons" (*Wong Chee* v. *Yee Wo Chan,* 26 Haw. 785; *Ortez* v. *Bargas,* 29 Haw. 548).

In the *Kahai* case the court, speaking on the point, said (pp. 192, 193): "The decision, after reciting the facts of the appearance of counsel for the respective parties and of due trial having been had, continues: 'The court having heard the evidence adduced and the argument of counsel and being fully advised in the premises finds that Mary Kahai, plaintiff above named, is not entitled to the relief prayed for in the amended complaint herein and therefore gives judgment in favor of defendant and against the plaintiff, with costs taxed in the sum of $41.85. Let judgment be entered accordingly.' Cases may arise in which it is difficult to determine whether the written decision contains a sufficient statement of the reasons leading to the conclusion reached, but in this instance there can be no doubt that no reasons are stated. Nothing but the bare legal conclusion and order is set forth."

In the *Waianae Co.* case it is said (pp. 5, 6): "Nothing is contained in the decision of the trial court except the bare statement that 'Plaintiff has the paper title. Defendant claims by adverse possession. The evidence, although conflicting, sustains this claim. Judgment for defendant.' It is regrettable, and in a measure surprising, that the trial court failed to more liberally comply with the mandate of the statute, especially in view of the frequency with which this court has been compelled to call attention, in language it would seem impossible to misunderstand, to the statutory provision on the subject." The insufficiency of the decision was not raised by the

appellant but the case was decided on other grounds. It is entirely clear, however, that the court considered the decision defective for lack of statement of "reasons." Robertson, C. J., expressed his views on the point as follows: "If the appellant had raised and urged the point that the decision of the circuit court was erroneous on the ground that the reasons for its conclusion were not set forth as required by section 2380 of the Revised Laws I think it should have been sustained, but as the point has been waived this court must proceed on the assumption that all disputed facts were decided by the court below in favor of the defendant."

In the *Sasaki* case the decision of the trial judge was as follows: " 'The above named cause having come duly and regularly on for trial on the 30th day of April, 1921, and the parties being at issue to the court, sitting without a jury, before the judge of this court; said plaintiff being represented by H. G. Middleditch, Esq., and said defendant by Wm. H. Beers, Esq., and the court having heard and considered the testimony offered and the arguments of counsel thereon, and now being fully advised in the matter; it is adjudged and decreed that said plaintiff recover from said defendant the amount of $269.75, with interest thereon at 8% from the 10th day of October, 1920, together with attorney fees and commissions and costs of court. And it is ordered that the clerk of this court do enter judgment in favor of the said plaintiff and against the said defendant in conformity herewith.' " In sustaining the exception to the decision as contrary to law, because no "reason" was given therein, the court said (pp. 180, 181): "A case might arise in which it would be difficult to determine whether the written decision contained a sufficient statement of the reasons leading to the conclusion reached but with the decision in this case there is no such difficulty for there can be no doubt that it contains no reasons for the conclusion reached."

In the *Yoshiura* case, as appears from the record in that case, the decision of the trial court is as follows: "On the 25th day of January, 1917, came on regularly to be heard before me the above entitled cause in my courtroom and both plaintiff and defendant were personally present in court, and represented by counsel, and having heard all of the evidence adduced by both plaintiff and defendant and the arguments of counsel and being fully advised in the premises, the said cause having been tried and heard without a jury, I am of the opinion that the plaintiff should recover of and from the defendant the sum of three hundred fifteen and no/100 ($315.00) dollars, together with interest thereon at the rate of 8% from the 10th day of February, 1913, to the date of judgment herein, and I do so find from the evidence and I further find from the evidence that defendant has failed to make out his alleged defenses of want of consideration and setoff or counterclaim and the plaintiff has established her case as alleged in her complaint by a preponderance of the evidence. The clerk of the court is hereby ordered to enter up judgment for plaintiff herein and against defendant herein in accordance with this decision and to include therein the costs of court as taxed and attorney's commissions." In sustaining the exception to the decision this court said (p. 765): "The exception to the decision is that it is against law, against the evidence and against the weight of the evidence. The decision does not state the grounds upon which it is based, as required by section 2380 R. L., and this is true also of the decision in so far as it relates to the defendant's counterclaim or setoff. The failure to state such reasons is reversible error." Since this case is strongly relied on by the defendant in the instant case we will have more to say about it presently.

The *Woods* case was for damages growing out of an automobile accident and involved questions of negligence

and contributory negligence. The portion of the decision of the trial judge which was discussed by this court is as follows: "Suffice it to say that after a full and fair consideration of all of the evidence in the case, giving to all and every part thereof such weight as in my judgment it is entitled to receive, I am satisfied that the plaintiff did in fact sustain the injuries complained of, that the same were caused entirely by and through and by reason of the negligence of the defendant, and solely without fault or negligence on the part of plaintiff directly or indirectly contributing thereto." On appeal by the defendant the court held that the reasons given by the trial judge for his conclusions were not a compliance with the statute and said (pp. 24, 25): "We are of the opinion that the trial court's decision does not comply with the requirements of section 2380. It would serve no useful purpose to quote the decision in full. Its defects render it useless as an object of constructive criticism. No attempt was made by the trial court in its decision to express its determination, opinion or conclusion upon the facts upon which depended the primary right of plaintiff and the corresponding duty of defendant or upon the facts alleged as constituting the defendant's delict or act of wrong. The complaint alleged and there was evidence tending to show that immediately prior to the accident both the plaintiff and the defendant were using a public highway—the former afoot and the latter driving an automobile—in such physical relation to each other as to entitle each to certain rights and to impose upon the other certain corresponding and reciprocal duties and obligations. These facts should have been stated by the court in its decision; also the law applicable thereto. * * * Negligence is a mixed question of law and fact. The decision merely recites ' * * * the plaintiff did * * * sustain the injuries complained of * * * by reason of the negligence of the defendant.' The facts were

disputed. For all that the decision discloses the court may have determined that the defendant was guilty of certain acts which did not in law constitute negligence. The facts and the law essential to plaintiff's recovery should be stated. * * * The question of contributory negligence, like negligence generally, is one of mixed law and fact. In order for the plaintiff to recover it must appear that he was free from negligence directly and proximately contributing to his own injury. To be consistent and to entitle the plaintiff to recover the facts found by the court should have negatived contributory negligence on the part of the plaintiff. The decision, however, is absolutely silent upon the facts. We are unable to ascertain whether the court found that the injury occurred on the right-hand side of the road, as claimed by plaintiff, or in the middle of the road and under the circumstances claimed by defendant. The court in its decision merely added to its finding of negligence, heretofore quoted, the conclusion that plaintiff's injuries were sustained 'solely without fault or negligence on the part of the plaintiff directly or indirectly contributing thereto.' The mere statement that the defendant was guilty of negligence and that the plaintiff was free from contributory negligence is not sufficient. The facts and the law admitting of such conclusions should be stated."

In the *Ortez* case the circuit judge rendered the following decision (p. 554) : " 'Findings of Facts and Conclusions of Law. The defendant executed and delivered to plaintiff the instrument sued on, which instrument called for the payment to plaintiff of $600.00 without interest within three years from the date thereof. The defendant answered by a general denial and on the trial offered evidence of want of consideration. Considering all the evidence, I think it is clearly shown that there was no consideration for the instrument sued on. Therefore, judg-

ment is given against the plaintiff and in favor of the defendant, together with costs.'" Commenting on this decision the court said: "Keeping in mind the contested issue of fact before the trial judge the reason given by him, in his written decision, for his finding that there was no consideration for the instrument in question is sufficient."

It is impossible to evolve from the cases a formula that can be used in all circumstances. It can be said, however, that if the ultimate conclusion of the trial court is predicated on its view of mixed questions of law and fact the reasons for its decision should be stated with enough clearness and elaboration to adequately inform the parties and this court. On the other hand, if the question to be decided is purely one of fact depending entirely on the credibility of witnesses and the weight of the evidence, a decision patterned after that in the instant case meets the requirements of the statute.

Let us now turn to the decision in the instant case. As we have already intimated, it is contended by the defendant that there is a perfect parallel between this decision and that in *Yoshiura* v. *Saranaka, supra,* and therefore the decision now before us should be held insufficient for the same reason that the decision in the *Yoshiura* case was held insufficient. Whether this is true depends on the nature of the two cases and on the issues involved. The issues involved in the *Yoshiura* case are stated in the opinion of this court and the reasons for holding the decision insufficient are also given (p. 764): "It is urged on behalf of the plaintiff that the money which she furnished the defendant was of her separate estate and therefore the defendant was liable to her for the same in equity, and that this equitable obligation is a sufficient consideration for the note sued on. We will not discuss these conflicting theories for the following reasons: A very careful consideration of the record in this case shows that the evi-

dence is not sufficient to show a loan by the plaintiff to the defendant in 1911. The plaintiff testified that she returned from Japan in August, 1911, and 'paid' or 'turned over' to the defendant, her husband, $315 which she had borrowed in Japan. The defendant denies positively that the plaintiff delivered to him this money or any other money, hence, under the evidence, if the plaintiff's evidence be accepted as correct, the money may have been delivered to the defendant either as a gift or as a loan. If as a loan the question of its validity would arise, and if the contract was void as between the parties then it would be necessary to pass upon the question as to whether or not the plaintiff's theory of an equitable obligation is correct. But if the transaction did not occur at all, as claimed by defendant, or if it did occur and the money was given by the plaintiff to the defendant as a gratuity then the question as to whether or not a past consideration under such circumstances would be sufficient consideration for the note given by the defendant to plaintiff after discoverture would arise."

It is manifest in that case that the only reason given by the trial judge in deciding for the plaintiff was that she had established her case by a preponderance of the evidence and the defendant had failed to make out his defense of want of consideration and setoff or counterclaim. The action was in assumpsit on a promissory note and the only conclusion that the trial judge reached was that the defendant was liable upon his note. But as is pointed out in the quoted portion of the opinion of this court the relationship of the parties necessarily required the trial court to decide questions of law upon which the decision was silent.

In the instant case, however, the decision summarizes the cause of action alleged in each count of the complaint. It states that the first count alleges an employment con-

tract under which the plaintiff was to receive fifty dollars a month; that the second count alleges an action of debt for twenty-two months' salary, and that the third count alleges that the plaintiff turned over one hundred dollars to the defendant for safekeeping. It is apparent that each of these counts and the answer presented but a single issue and that was one of fact. If each of the counts was proved to the satisfaction of the judge there could only be one legal conclusion. In other words, the mere existence of the facts establishing the allegations contained in the counts would be sufficient reason for deciding in favor of the plaintiff.

*Woods* v. *Rapozo, supra,* is likewise distinguishable from the case at bar. In that case the right of the plaintiff to a judgment depended on interrelated questions of law and fact which were not even referred to in the decision of the trial judge. The other cases, already noticed, in which the decisions were likewise held insufficient, are also distinguishable from the present case.

There is, however, one case (*Ortez* v. *Bargas, supra,*) in which the decision of the trial court was approved where the issues and the decision bear a close analogy to those in the instant case. In both instances the issues presented for decision were of fact merely unmixed with questions of law. The decision in the *Ortez* case having been held sufficient the decision in the instant case should likewise be held sufficient. Exception number eight is overruled.

The next exceptions we will consider are numbers five and six. Both relate to the exclusion of certain evidence which was offered by the defendant. The plaintiff introduced evidence which tended to show that on January 1, 1932, the defendant entered into a contract with the plaintiff to pay her fifty dollars a month for editing the Co-operative News which was owned by the defendant. The

defendant's testimony tended to show that he never entered into this contract. While the defendant was on the stand it was sought to be proved by him that in 1931 the net income from his newspaper was one hundred dollars; that in 1932 it was a little over one hundred dollars, and that in 1933 there was a loss. It was stated by counsel for the defendant that the purpose of the proposed testimony was to show the unreasonableness of plaintiff's contention that defendant made the agreement set out in her complaint. The trial judge held that what the defendant made or did not make out of his business was immaterial to the issues of the case. We think this was error. The rule governing the admissibility of this evidence is thus stated in 22 C. J. 164, 165: "A relevant fact will not be rejected because not sufficient in itself to establish the whole or any definite portion of a party's contention, but all that is required is that the fact must legitimately tend to prove some matter in issue, or to make a proposition in issue more or less probable. Indeed it is sufficient if the fact may be expected to become relevant in connection with other facts, or if it forms a link in the chain of evidence necessary to support a party's contention, although requiring other evidence to supplement it." See also 2 Jones, Com., Ev. (2d ed.), § 587, p. 1086.

The questions presented by the remaining exceptions can hardly arise upon the granting of a new trial and therefore need not be considered.

For the error above pointed out the judgment is set aside and a new trial is granted.

*W. C. Moore* (also on the brief) for plaintiff.

*A. W. A. Cowan* (*G. R. Corbett* with him on the brief) for defendant.