TERRITORY OF HAWAII, BY EDWARD N. SYLVA, ITS ATTORNEY GENERAL, *v.* CHARLES G. McGILLIVRAY, LOIS J. McGILLIVRAY, CHRISTINA DIAS SOUZA, MANUEL GONSALVES AND CLAUDINA GONSALVES.

NO. 2999.

ARGUED APRIL 27, 1955.  DECIDED AUGUST 17, 1955.

STAINBACK AND RICE, JJ., AND CIRCUIT JUDGE FAIRBANKS IN PLACE OF TOWSE, C. J., ABSENT.

OPINION OF THE COURT BY RICE, J.

This case, a proceeding in eminent domain, has come up on appeal by writ of error to the circuit court, third circuit, Territory of Hawaii, where, as law number 2903, it was tried, jury waived.

By a petition filed in said circuit court on August 18, 1953, and summons issued on the same date, the defendant in error, as plaintiff, hereinafter referred to as appellee, instituted proceedings, pursuant to chapter 8, Revised Laws of Hawaii 1945, as amended by Act 12, Session Laws of Hawaii 1951, to condemn for public purposes — Hawaii belt road — three parcels of land, designated in the petition as parcels "3," "10," and "11," together with certain rights or easements of vehicle ingress and egress appurtenant to the remaining lands. On October 2, 1953, an order amending petition was filed, deleting parcel 11 from the condemnation suit.

On September 18, 1953, Charles G. McGillivray and Lois J. McGillivray, as two of the defendants, filed an answer to the petition in eminent domain, admitting the allegations of paragraph I of the latter and, as to paragraphs V and VI thereof, admitting their ownership of parcel 3 as tenants by the entirety and alleging said parcel 3 to be a part only of tracts or parcels of land and that they had insufficient evidence as to the truth or falsity of the remaining allegations of said paragraphs V and VI; that therefore they neither admitted nor denied the same, leaving plaintiff to its proof; and, further, generally denying all allegations of the petition not expressly admitted by them.

On October 9, 1953, an answer of Christina Dias Souza was filed, whereby she admitted the truth of the allegations contained in paragraph I of the petition; admitted her ownership, in fee simple, of parcel 10, as described in the petition; and denied each and every of the remaining allegations of the petition.

The plaintiffs in error, who were the defendants below and are hereinafter referred to as appellants, owned approximately 1.823 acres or 79,409 square feet of land, between a half a mile to a mile from the town of Honokaa. The appellee condemned parcel 3 thereof, containing approximately 0.625 acre or 27,222 square feet of land, leaving two separate remnants, "Parcel 3-A, containing approximately 0.786 acre or 34,238 sq. ft. of land, and Parcel 3-B, containing 0.412 acre or 17,946 sq. ft. of land."

Mrs. Christina Dias Souza, a defendant below and a plaintiff in error on appeal, hereinafter referred to as appellant, owned approximately 27 acres of land, about 1,650 feet east of the McGillivray land. The appellee condemned parcel 10 of her land, containing approximately 0.822 acre or 35,806 square feet of land.

At the trial, jury waived, the appellee and the appellants relied on expert testimony to substantiate their respective contentions as to the amounts that should be paid the owners of the lands for the taking of parcels 3 and 10.

Trial in the circuit court was held on April 19, 20, and 21, 1954, and a written decision of the court, signed by the circuit judge, was filed on April 29, 1954, the last page thereof having endorsed thereon to the left of and below the line on which the judge signed, the words "Approved as to form," followed by a signature "Montgomery Clark." Montgomery Clark is the name of the attorney for the defendants below, appellants herein.

The decision bears no date thereof, but the date it was filed may be deemed to be the date of its entry.

Of the eight assignments and specifications of errors, seven are to the effect that the trial court erred in finding and deciding: (1) "that the just compensation and damage to the owners of Parcel 3 is only $3092.00"; (2) "in finding and deciding that the interest due the owners

of Parcel 3 is only $293.45"; (3) "in finding and deciding that the just compensation and damages to the owners of Parcel 10 is only $150.00"; (4) "in finding and deciding that the interest due the owners of Parcel 10 is $13.99"; (6) "in failing to assess the differences which were accrued to the portions of appellants' land not sought to be condemned by reasons of the severance sought to be condemned, and the construction of the improvements in the manner proposed by the Territory"; (7) "in entering its Judgment for Charles G. McGillivray and Lois J. McGillivray in the principal sum of $3092.00 and interest of $293.45 making a total sum of $3385.45"; and (8) "in entering its judgment for Christina Dias Souza in the principal sum of $150.00 and interest of $13.99 making a total sum of $163.99."

The fifth assignment and specification of error is: "5. that the learned trial court erred in failing to state in its written Decision its reasons therefor."

Considering the latter first, reference is made to section 10107, Revised Laws of Hawaii 1945, which, with respect to a jury-waived trial, provides that:

"In such case the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor. If the taking of an account be necessary to enable the court to complete its judgment a reference may be ordered for that purpose."

Omitting formal parts, the decision in the instant case which was filed in the circuit court on April 29, 1954, is in words and figures as follows:

"* * * The Court, having considered the evidence adduced and being fully advised in the premises, finds that:

"All preliminary steps required by law have been taken and exist in order to entitle said Plaintiff to maintain

these proceedings and that the taking of the lands and premises, together with the rights or easements of vehicle access, all described in the Petition herein is necessary for the public use and purpose alleged in said Petition, to-wit: Hawaii Belt Road, Seismic Wave Damage Rehabilitation, Project No. SDR 3(7).

"The lands under condemnation are designated as Parcel 3, which has an area of 0.625 acre, and Parcel 10, which has an area of 0.822 acre, and that Parcel 3 is owned by CHARLES G. McGILLIVRAY and LOIS J. McGILLIVRAY and Parcel 10 is owned by CHRISTINA DIAS SOUZA.

"The just compensation, damages and interest to the Defendants for the taking of Parcels 3 and 10 together with the rights or easements of vehicle access of ingress and egress are as follows:

*"Parcel 3*

| | | |
|---|---|---|
| Principal | | $3,092.00 |
| Interest | | 293.45 |
| Total | | $3,385.45 |

*"Parcel 10*

| | | |
|---|---|---|
| Principal | | $ 150.00 |
| Interest | | 13.99 |
| Total | | $ 163.99" |

As said by Mr. Chief Justice Peters in *Woods* v. *Rapozo,* 27 Haw. 20, at page 23: "* * * Obviously the court's 'reasons' for ultimately determining the issues of law and fact in favor of one party or the other would be and could only be its determination, opinion or conclusion upon the respective issues of law and fact raised by the pleadings and necessary to support the cause of action or defense. To hold otherwise would be to admit that there were other considerations besides the facts and the law

which could constitute 'reasons' for the ultimate decision. Burden and degree of proof, credibility of witnesses, etc., are merely rules for guidance in determining the facts. The prior determination by the court upon the respective issues of law and fact presented by the pleadings and essential to establish the cause of action or the defense is necessary to an ultimate decision in favor of one party or the other. By the statute it is not alone the function but the duty to decide 'the cause both as to the facts and the law. * * *' "

"That no standard by which the sufficiency of the reasons assigned for the court's decision may be measured is provided by the statute is immaterial. However informally expressed the determination, opinion or conclusion of the court upon the facts and law alleged by the pleadings and necessary to sustain the cause of action or defense constitutes the 'reasons' for the ultimate decision and is a compliance with the statute. To require more would be to usurp the legislative functions. To require less would render the amendment [now § 10107, *supra*] meaningless and abortive."

That it is reversible error to fail to state reasons therefor in a decision — in a civil case tried without a jury ("jury waived") — was earlier held in *Kahai* v. *Yee Yap,* 20 Haw. 192 (1910); *Yoshiura* v. *Saranaka,* 23 Haw. 761 (1917); *Sasaki* v. *Nakamura,* 26 Haw. 178 (1921); and later in *Matsuo* v. *Texerira,* 34 Haw. 679, at 684 (1938); and in *Angco* v. *Angco,* 33 Haw. 416 (1935), Mr. Justice Banks, in the opinion of the court gave, on pages 418 et seq., a commentary review of the earlier cases, *supra,* wherein this court had passed upon the question of whether the decision of the lower court contained a statement sufficiently showing "reasons" therefor and was, or was not, in accordance with the law.

It is apparent from an examination of the trial court's decision, *supra,* in the instant case, that, although it is in

writing, it fails to conform to the further mandatory statutory requirement that it contain a statement of "reasons" therefor. The decision merely sets forth the court's ultimate conclusions, without any reference to the issues in the case, the court's views thereon or determination thereof and fails to even reveal the factors contributing to court's expressed conclusions.

The said insufficiency of the decision is reversible error.

The attorney for the appellee, plaintiff below, has contended and argued on behalf of the appellee, petitioners below, that, by signing the endorsement approving as to form the trial judge's decision, the attorney for the defendants below, the appellants herein, thereby waived any deficiency of substance in the decision or any right of appellants to predicate assignment of error thereon for nonconformity with the provisions of the statute, section 10107, *supra*. Such contention and argument are without merit. The mandatory provisions of the statute have not thus been waived.

When an order or a judgment is drafted by an attorney for one of the parties to a judicial proceeding, it is proper practice for the drafting attorney to submit same to the attorney, or attorneys, of the adverse party, or parties, for approval as to form, but we deem improper and a nullity any attorney's approval as to form of the court's decision in a contested case tried jury waived, for rendition of such a decision is the duty of the court and, subject to conformity to statutory requirements as to substance, the form thereof is at the discretion of the court.

Because in the instant case the trial court failed to include in the decision a statement of reasons therefor, there is such a degree of uncertainty as to the basis for that court's ultimate conclusions that we are not passing upon the plaintiff's assignments and specifications of error numbers 1, 2, 3, 4, 6, 7, and 8, as such relate to occurrences

prior to the decision and if errors were committed as alleged they can be avoided upon a new trial.

The decision of the trial court and the judgment entered pursuant thereto are set aside and the case is remanded to the trial court for a new trial.

*Montgomery Clark* (also on the brief) for plaintiffs in error McGillivray and Souza.

*Jon Chinen,* Deputy Attorney General (*Edward N. Sylva,* Attorney General, with him on the brief), for defendant in error.